THE STATE OF OHIO, APPELLEE, v. GROSSNER, APPELLANT.

[Cite as State v. Grossner, 8 Ohio App. 2d 68.]

(No. 8380—Decided October 11, 1966.)

Mr. C. Howard Johnson, prosecuting attorney, for appellee.
Mr. Harold Grossner, in propria persona.

DUFFEY, J. This is an appeal filed pursuant to Section 2953.23, Revised Code. Appellant, an inmate of the Marion Correctional Institution, applied to the Common Pleas Court for postconviction relief under Section 2953.21, Revised Code. The principal allegation was that he had not been accorded legal counsel at the time of his conviction under a plea of guilty. The trial court made a finding of fact that appellant did have counsel. The finding is incorporated in the entry. Relief was denied.

An appeal under the postconviction remedy statutes is controlled by the procedures applicable to appeals in civil actions under Chapter 2505, Revised Code. See Section 2953.23, Revised Code. A praecipe provides this court only with the transcript of original proceedings. Any evidence presented to the trial court at a hearing must be presented to the appellate court by means of a bill of exceptions. Where a court reporter is requested, a bill of exceptions consists of the reporter's transcript of oral testimony and all exhibits. A narrative bill can be used in some instances. See Chapter 2321, Revised Code.

The entry recites that a hearing was held at which appellant appeared and testified, and at which other evidence was produced. This court cannot know what that evidence may have been unless a bill of exceptions is filed. In the present case, none was filed. We must therefore presume that the findings of the trial court were supported by sufficient competent evidence.

The judgment of the Common Pleas Court will be affirmed.

*Judgment affirmed.*

BRYANT, P. J., and DUFFY, J., concur.