OPINION
Eddie R. Jones appeals the January 10, 2000 judgment of the Auglaize County Court of Common Pleas denying his petition for post-conviction relief.
In June 1997, Jones was indicted by the Auglaize County Court of Common Pleas for three counts of gross sexual imposition. The bill of particulars alleged that Jones "touched and rubbed * * * [the] private areas" of his eleven-year old daughter Edie on three separate occasions between August 1 and November 19, 1996. Following a jury trial in November 1997, defendant was found guilty of two of the three charges. On December 5, 1997, the trial court sentenced the defendant to a term of five years imprisonment, and on July 22, 1998 this Court affirmed the conviction and sentence. See State v. Jones (July 22, 1998), Auglaize App. No. 2-98-1, unreported, 1998 WL 405906 (Jones I).
On August 17, 1998, Jones filed a petition for post-conviction relief, alleging ineffective assistance of trial counsel. In response, to the defendant's petition, the State filed a motion for summary judgment. The trial court subsequently denied Jones' petition without a hearing. Jones appealed, and this court reversed. See State v. Jones (April 23, 1999), Auglaize App. No. 2-99-37, unreported, 1999 WL 359040 (Jones II). We held that the trial court erred by granting summary judgment because the State had "failed to identify any portions of the record that demonstrate the lack of a genuine issue of material fact." Id. at *3. We also held that the trial court had failed to make sufficient findings of fact and conclusions of law to support dismissal of the petition without a hearing. See id. at * * 3-4.
After this Court remanded the case, Jones filed a motion for leave to amend his petition to include an affidavit from an expert psychologist in the field of child sexual abuse. The trial court overruled this motion and again dismissed his petition. Jones filed a motion for relief from judgment, which the trial court also denied. Jones appealed the trial court's failure to grant the motion to amend, the dismissal, and the failure to grant the motion for relief, and this Court reversed the trial court's judgment on all three issues. See State v. Jones (Oct. 29, 1999), Auglaize App. Nos. 2-99-20 2-99-21, unreported, 1999 WL 979458 (Jones III). We determined that Jones was entitled to amend his petition, and also that Jones "[was] entitled to a hearing on his petition for post-conviction relief." Id. at *3.
On remand, the trial court held a hearing and on January 10, 2000, issued an eight-page journal entry denying the petition. The journal entry contained detailed findings of fact and conclusions of law, and the trial court concluded that based on all the evidence presented, Jones had failed to establish either that his trial counsel had performed deficiently or that he had been prejudiced by his trial counsel's performance. Jones now appeals, and asserts a single assignment of error with the trial court's judgment.
 The trial court erred to appellant's prejudice by denying his petition for post-conviction relief.
 Initially, we note that our review in this case is quite limited. A postconviction hearing is a civil proceeding governed by the rules of civil procedure, see, e.g., State v. Nichols (1984), 11 Ohio St.3d 40, and the petitioner bears the burden of proving the postconviction claim by a preponderance of the evidence. See State v. Milanovich (1975), 42 Ohio St.2d 46. However, "[s]ince a post-conviction relief proceeding is civil in nature, a trial court's decision [to deny the petition] is not against the manifest weight of the evidence provided it is based on competent, credible evidence." State v. Wells (Nov. 24, 1999), Montgomery App. No. 17521, unreported, 1999 WL 1062247 at *2, citing Seasons Coal v. Cleveland (1984), 10 Ohio St.3d 77. Cf. State v. Grossner
(1966), 8 Ohio App.2d 68, 68 (judgment of trial court affirmed if supported by "sufficient competent evidence"). Therefore, we will not disturb the judgment of the trial court unless its findings of fact were based on insufficient evidence.
The gist of Jones's argument is that his trial counsel was ineffective by failing to consider whether a psychological expert's testimony was necessary to rebut expert testimony presented by the State. He contends that his trial counsel should have offered such testimony for three reasons: 1) to explain flaws in the investigatory process that undermined the validity of the victim's allegations and testimony, 2) to rebut testimony that the victim's behavior was consistent with a sexually abused child, and 3) to provide alternative reasons as to why the victim's allegation of sexual abuse was false.
In evaluating whether a petitioner has been denied effective assistance of counsel, Ohio courts consider "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." State v. Calhoun (1999), 86 Ohio St.3d 279,289. Licensed attorneys are presumed to provide competent representation. See, e.g., State v. Hoffman (1998),129 Ohio App.3d 403, 407. In Strickland v. Washington (1984),466 U.S. 668, the U.S. Supreme Court established a two-part test to analyze questions regarding ineffective assistance of counsel. A convicted defendant must first show that his attorney's performance "fell below an objective standard of reasonableness," and must then show that "there is a reasonable probability that, but for, counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688-94.
Regarding the first prong of Strickland, Jones presented an attorney expert witness who described when "the use of an expert is minimally reasonable in preparing and presenting a client's defense [to a child sexual abuse charge]".
 When you anticipate that the State will present expert testimony[,] the Defense Counsel should anticipate that he should explore the reasonableness of rebuttal in terms of an expert. In addition, even if the State is not intending to present an expert[,] if the testimony of an expert could make a fact [at] issue more or less probable and the testimony is otherwise admissible an expert should be consulted.
 Transcript of Post Conviction Relief Hearing, at *76. At the post-conviction relief hearing, Jones' trial counsel summarized his theory of the case. He indicated that he had attempted to show that the victim's charges were fabricated as a result of her troubled background and her desire to stay with a foster family rather than her biological father:
 [T]he young lady, Edie, having finally found some stability in her life through foster care placement with the foster family probably didn't want to go back to her Dad, that to a degree if I, — that might be overstating it but to characterize it she might have been somewhat brain-washed into wanting to stay with the family, — in other words, I think the foster mother was overly protective, maybe for good motives, but was overly protective with Edie Jones.
 Id. at *39. Jones' trial counsel was therefore attempting to establish that the victim had reason to fabricate the charges, and organized his case to that end. At the hearing, the attorney expert reviewed the organization of the trial case, and concluded that "[reviewing] what appeared to be [trial counsel's] theory of the case, that the child was manipulating in order to change a residence or to maintain a residence with the [foster parents] * * * it would not have been reasonable trial strategy to omit the testimony of an expert[,] who could have given the jury a professional view of what [trial counsel] was trying to prove." Id. at 86. The expert was particularly critical of trial counsel's failure to effectively attack the interview techniques of the State's witness Patricia Knippen. The expert suggested that in a case where the child's credibility is the sole issue, there are three components to presenting an effective defense. The first is to show that the investigation or interview that produced the allegation was invalid, the second is to rebut expert testimony that the victim is behaving in a manner that is consistent with child sexual abuse, and the third is to offer a psychological motive as to why the child's story might have been fabricated or otherwise false. Cf. id. at *160-61. See generally State v. Gersin (1996), 76 Ohio St.3d 491. Jones asserts that his trial counsel was ineffective in that he failed to prepare an adequate defense on each of the three points.
Regarding the second prong of Strickland, Jones presented the testimony of a pediatric psychological expert, Dr. Jolie Brams, who noted that timing and circumstances of the victim's disclosure were suspicious when viewed in light of her psychological history, and that Jones' trial counsel should have discussed this issue with a child psychologist. See Transcript of Videotaped Deposition of Jolie S. Brams, Ph.D, at * * 19-32. Dr. Brams also stated that the American Association on Child Sexual Abuse "has come out with protocols that delinated a standard of practice which is generally accepted as to how these investigations should proceed," and the American Psychiatric Association have "very detailed protocol[s] as to how sexual abuse allegations should be assessed." Id. at * * 33-34. When she viewed the State's investigation in light of these protocols, Dr. Brams concluded that "there were both major gaps in the way in which this entire investigation was conducted, as well as major flaws," and that those who conducted the investigation "acted in ways that were basically the opposite of what would have been suggested by such protocols." Id. at *35. Dr. Brams concluded that Ms. Knippen's interview of the victim was filled with leading questions and that during the interview "there were many difficulties and departures from appropriate protocol." Id. at 38.
Based on the foregoing, Jones argues that his trial counsel was ineffective. In reviewing this claim, the trial court concluded that "as a matter of fact in this case, defense counsel did not need the benefit of an expert psychologist to identify and develop * * * the theory of defense in this case." Journal Entry Denying Petition for Post-Conviction Relief, at ¶ 16. The court also found that although Jones' trial attorney "did not retain the services of a psychologist to assist him in identifying issues that might affect the credibility of the child victim," he "nevertheless 
correctly identified all of the issues that might affect the credibility of the child." ¶¶ 23-24.
While the testimony presented by the two experts is certainly relevant, our review of the trial record reveals sufficient evidence upon which a jury could have relied in convicting Jones. CF., Jones I, unreported at *2-3. Moreover, the trial court's findings regarding trial counsel's performance are clearly supported in the record by competent and credible evidence. We therefore cannot say that the trial court erred by holding that Jones did not establish that his trial counsel was ineffective and denying his post-conviction relief petition. Cf. State v.Calhoun, 86 Ohio St.3d at 286-87. For these reasons, Jones's sole assignment of error is overruled, and the judgment of the Auglaize County Court of Common Pleas is affirmed.
HADLEY, P.J., and WALTERS, J., concur.