The STATE of Ohio, Appellee,

v.

HOFFMAN, Appellant.

[Cite as *State v. Hoffman* (1998), 129 Ohio App.3d 403.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–97–052.

Decided Aug. 14, 1998.

404

*Russell Leffler,* Huron County Prosecuting Attorney, for appellee.

*K. Ronald Bailey,* for appellant.

GLASSER, Judge.

This is an appeal from a judgment of the Huron County Court of Common Pleas that granted appellee's motion for summary judgment and dismissed appellant's petition for postconviction relief.

On appeal appellant, Michael A. Hoffman, sets forth the following assignment of error:

"The trial court erred in denying appellant an evidentiary hearing on his petition for post conviction relief."

The facts that are relevant to the issues raised on appeal are as follows. On September 23, 1995, an automobile that appellant was driving had a head-on collision with another vehicle containing four college students. As a result of the accident, appellant's girlfriend, who was a passenger in appellant's car, and two of the college students were killed. Appellant and the two other college students were seriously injured.

On November 21, 1995, appellant was indicted on three counts of aggravated vehicular homicide, in violation of R.C. 2903.06(A); three counts of involuntary manslaughter, in violation of R.C. 2903.04(B); and two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A). All eight of the charges carried specifications that at the time of the accident, appellant had been driving with a suspended operator's license and was under the influence of alcohol and/or illegal drugs.

On February 1, 1996, after consulting with his court-appointed attorney, appellant entered a plea of guilty to three counts of aggravated vehicular homicide and two counts of aggravated vehicular assault as charged in the indictment. In exchange for appellant's plea, appellee, the state of Ohio, agreed to dismiss the three charges of involuntary manslaughter.

At the plea hearing, the trial court first inquired of appellant's attorney whether he had explained the plea agreement to appellant. Appellant's attorney replied that he and appellant had gone over the terms of the plea in detail and that appellant is "better informed about this as [sic] a non-lawyer could be about this sort of offense." The prosecutor then recited the facts of the case and indicated that the three charges of involuntary manslaughter that were to be dropped as part of the plea and the three charges of aggravated vehicular homicide were allied offenses of similar import.

The trial court then inquired of appellant whether he understood the nature of the proceedings and charges against him, and explained to appellant the specifications of driving while under suspension and driving while under the influence of

alcohol and/or drugs. The trial court also outlined the maximum limits of any sentence that could be imposed as a result of appellant's guilty plea.

The trial court further stated to appellant that the offenses to which he was pleading guilty were not probationable and that his driver's license would be revoked for life. Appellant was then advised of his constitutional rights, including the right to a jury trial, an attorney, confrontation and cross-examination of witnesses against him, to subpoena witnesses to testify on his behalf, to be presumed innocent until proven guilty beyond a reasonable doubt, and to testify or not testify at trial. The trial court also told appellant that his rights on appeal would be substantially curtailed as a result of entering a guilty plea.

At the conclusion of the trial court's remarks, appellant stated that he was satisfied with his legal representation and the terms of the plea agreement, and stated that no one had threatened him in any way or promised him anything in order to induce him to plead guilty. Appellant then indicated that he still wanted to enter the plea. The trial court accepted appellant's plea and found him guilty of three counts of aggravated vehicular homicide and two counts of aggravated vehicular assault.

On March 1, 1996, after considering the record in the case, appellant's presentence report, the statutory factors provided in R.C. 2929.12 and R.C. 2951.02, statements by the surviving victims, and statements by all the victims' families, the trial court sentenced appellant to serve maximum terms of imprisonment of five to ten years in the custody of the Ohio Department of Rehabilitation and Corrections for each of the counts of aggravated vehicular homicide, and terms of three to five years for each of the two counts of aggravated vehicular assault. All of the sentences were ordered to run consecutively, for a total of fifteen to forty years of incarceration, with a minimum term of fifteen years of actual incarceration. Appellant did not file a direct appeal from his conviction and sentence.

On July 30, 1996, appellant, acting *pro se*, filed a petition for postconviction relief, in which he asserted that he had received ineffective assistance of counsel at the time his plea was entered, and that his plea was not knowingly, voluntarily and intelligently made. In support thereof, appellant argued that his trial attorney used various "scare tactics" to coerce him into pleading guilty, and that he was in a fragile emotional and mental state at the time of the plea, which made him less able to resist his trial counsel's demands.

Appellant further alleged in his petition that his actions at the time of the accident were not "reckless but merely 'neglegent' [*sic* ]" and that he could have been "convicted of a lesser charge as [*sic* ] 'vehicular homicide' " if he had insisted on a jury trial instead of entering a guilty plea. Appellant's petition and the

allegations made therein were supported by the affidavit of his wife, Deborah Hoffman. Appellee did not file a response to appellant's petition.

On August 19, 1996, the trial court denied appellant's petition for postconviction relief without reviewing the transcript of appellant's plea hearing or holding an evidentiary hearing. On September 18, 1996, appellant appealed, and on June 27, 1997, this court reversed and remanded the case, finding that the trial court had committed plain error by denying appellant's petition without reviewing the transcript of his plea. *State v. Hoffman* (June 27, 1997), Huron App. No. H–96–051, unreported, 1997 WL 362481.

On remand, the Huron County Court of Common Pleas ordered the transcript of the plea hearing to be made a part of the record. On September 23, 1997, appellee filed a motion for summary judgment, and on November 17, 1997, appellant, represented by retained counsel, filed a response thereto.

Attached to appellant's response was the affidavit of William O'Brien, Ph.D., a psychologist, who stated that he had treated appellant in late 1995 and early 1996 for "depression and distressing emotions, which occurred as a result of the automobile accident." Hoffman further stated that when he saw appellant on November 22, 1995, appellant was experiencing "severe conflict between a personal and social requirement, that he be punished," and appellant's "medical condition and negative affect and depression would have [a]ffected his participation and judgement" in the legal proceedings facing him at that point in time.

On December 17, 1997, the trial court filed a judgment entry, in which it found that appellant had been properly advised of the ramifications of his plea, and had stated to the trial court at the hearing that no promises or threats had been made to induce him to enter the plea. The trial court also found that appellant had "failed to file evidentiary documentation to support his claim that he was depressed and not capable of entering a plea." Accordingly, the trial court granted appellee's motion for summary judgment and dismissed appellant's petition without an evidentiary hearing. On December 30, 1997, appellant filed a timely notice of appeal.

In support of his sole assignment of error, appellant argues that the trial court should have held an evidentiary hearing on his claim for ineffective assistance of trial counsel and that he submitted sufficient evidentiary materials to justify such a hearing.

As to appellant's claim of ineffective assistance of counsel, in Ohio a licensed attorney is presumed competent. *State v. Lytle* (1976), 48 Ohio St.2d 391, 397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627. In the context of a petition for postconviction relief, the petitioner bears the initial burden of overcoming this presumption by submitting sufficient evidentiary documentation. *State v. Jack-*

*son* (1980), 64 Ohio St.2d 107, 18 O.O.3d 348, 413 N.E.2d 819, syllabus. The evidentiary documents must contain sufficient operative facts to show both a lack of competent counsel and prejudice to petitioner from the incompetence. *Id.*

■ A petition for postconviction relief may be dismissed without a hearing when the record, including the dialogue between the court and the defendant, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises. *State v. Kapper* (1983), 5 Ohio St.3d 36, 38, 5 OBR 94, 96, 448 N.E.2d 823, 825–826. In making that determination, the trial court may weigh the credibility of affidavits and other evidentiary materials submitted by the parties. *State v. Moore* (1994), 99 Ohio App.3d 748, 755, 651 N.E.2d 1319, 1323–1324. The factors to be considered include (1) whether the same judge who is considering the petition for postconviction relief presided as the trial judge and was in a position to observe the defendant and his attorney, (2) whether the affiants are the petitioner and relatives of the petitioner, (3) whether the affidavits are based upon hearsay, and (4) whether the affidavits have the effect of recanting prior statements. *Id.* at 754–755, 651 N.E.2d at 1323–1324.

■ In this case, the same judge who accepted appellant's plea of guilty considered appellant's petition for postconviction relief. In support of his claim that trial counsel coerced him into entering a guilty plea by threatening him with the possibility of a much harsher sentence if he insisted on a jury trial, appellant submitted only the affidavit of his wife. In addition, Deborah Hoffman's affidavit is based upon out-of-court statements allegedly made by appellant's trial counsel. Finally, appellant's statements in his petition and his wife's affidavit, taken together, have the effect of recanting prior statements made by appellant on the record at the time his plea was entered.

■ As for appellant's claim of incompetency, we agree with the trial court that O'Brien stated in his affidavit only that appellant was depressed and felt guilty after having caused an accident that killed three people. O'Brien does not state in his affidavit that appellant was not competent to enter a plea. In addition, the record of the plea hearing contains no indication that appellant was mentally or emotionally unstable at the time the plea was entered.

Upon consideration of the law and the entire record that was before the trial court, this court finds that the petition, affidavits, and records in this case contain insufficient evidentiary materials to demonstrate that appellant has suffered prejudice as a result of his trial counsel's actions, and the trial court did not err by granting summary judgment to appellee and denying appellant's petition for

postconviction relief without a hearing. Accordingly, appellant's sole assignment of error is not well taken.

On consideration whereof, this court finds further that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is hereby affirmed. Court costs of these proceedings are assessed to appellant.

*Judgment affirmed.*

HANDWORK, P.J., and KNEPPER, J., concur.