OPINION
Defendant Shermaine T. Ligon appeals the judgment of the Defiance County Court of Common Pleas following a jury verdict convicting him of two fourth degree felony counts of trafficking in drugs and one third degree felony count of intimidation of a witness.
On January 6 7, 2000, Vicky Perez purchased crack cocaine from the defendant while working as a confidential informant for the Multi-Area Narcotics (MAN) Task Force that was in operation in the Defiance County area. Ms. Perez wore a wire during each of the two drug purchases, which were made at the defendant's home shortly after midnight on the dates in question. On each of the two dates, Ms. Perez informed officers working with the unit that she had arranged to meet the defendant to purchase crack cocaine from him. The officers then searched Ms. Perez, placed a body wire on her and issued her marked currency with which to make the drug purchases. The MAN Task Force monitored each of the purchases, and each was recorded to an audiocassette.
Several days later, Ms. Perez contacted a MAN Task Force officer and informed him that the defendant had contacted her twice by telephone and told her that "if he caught a case because of [Ms. Perez], he was going to put a bullet in [her], and [she] had better say [her] prayers." Transcript at *220-21. Although the defendant had identified himself on the phone as "Tyrone Johnson," Ms. Perez recognized the voice on the other end of the line as belonging to the defendant.
On February 3, 2000, the Defiance County Grand Jury returned a bill indicting the defendant for two counts of trafficking in crack cocaine in violation of R.C. 2925.03(A) / (C)(4)(c), and for one count of intimidation of a witness in violation of R.C. 2921.04(B). The case proceeded to trial on October 2, 2000, and the jury returned a verdict of guilty on all three counts on October 3, 2000. Defendant was subsequently sentenced to a cumulative sentence of seventy months incarceration. He now appeals, and asserts two assignments of error with the trial court's judgment.
I. THE DEFENDANT HAD INEFFECTIVE REPRESENTATION OF COUNSEL.
 A. DEFENDANT'S COUNSEL FAILED TO PURSUE AN ESSENTIAL WITNESS.
 B. DEFENDANT'S COUNSEL MOVED TO ADMIT INTO EVIDENCE THE AUDIOTAPE OF DEFENDANT'S DRUG TRANSACTION.
 C. DEFENDANT'S COUNSEL FAILED TO FILE A
 MOTION FOR A DIRECTED VERDICT OF ACQUITTAL ON THE INTIMIDATION CHARGE.
 II. THE VERDICT OF THE JURY AND THE JUDGEMENT [sic] OF THE TRIAL COURT, PURSUANT TO SAID VERDICT ON THE CHARGE OF INTIMIDATING [A] WITNESS WAS NOT SUSTAINED BY SUFFICIENT EVIDENCE AND WAS CONTRARY TO LAW.
 As defendant's two assignments of error raise similar issues for our review, we will address them together. In evaluating whether a petitioner has been denied effective assistance of counsel, Ohio courts consider "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." State v. Calhoun (1999), 86 Ohio St.3d 279, 289. Licensed attorneys are presumed to provide competent representation. See, e.g., State v. Hoffman (1998), 129 Ohio App.3d 403, 407. In Strickland v. Washington (1984), 466 U.S. 668, the U.S. Supreme Court established a two-part test to analyze questions regarding ineffective assistance of counsel. A convicted defendant must first show that his attorney's performance "fell below an objective standard of reasonableness," and must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688-94.
Defendant asserts that his trial counsel was ineffective in three separate ways. First, defendant asserts that his trial counsel was ineffective by failing to ensure that Michael Cullo, the timekeeper from defendant's place of employment, was present to testify. Defendant asserts that "it is assumed that the purpose of calling [Mr.] Cullo was to establish that at the time of the alleged phone call to Vicky Perez, the [d]efendant was at work and couldn't make a long distance call." Brief of Appellant at *7. However, because there is no evidence as to what Mr. Cullo's testimony would have been, this court could just as easily "assume" that defendant's trial attorney talked to Mr. Cullo prior to trial and was able to confirm that the defendant had not been at work at the time in question. If that were the case, it would have been a wise tactical decision not to call Mr. Cullo to the stand. Such tactical decisions are reviewed under the presumption that effective legal counsel was rendered, see, e.g., State v. Cornwell (1999), 86 Ohio St.3d 560,569, and the defendant has provided no evidence beyond his assumption that effective representation was not afforded to him regarding this decision. In short, even if the defendant's contention has some possible merit, that merit necessarily relies on evidence beyond the current record and therefore cannot be properly addressed in a direct appeal. Cf. R.C. 2953.21(A).
Next, defendant contends that his trial counsel was ineffective by not filing a motion to suppress the MAN Task Force audio recordings of the crack cocaine sales, and instead introducing the tapes into evidence on the defendant's behalf. However, "failure to file a suppression motion does not constitute per se ineffective assistance of counsel." Kimmelmanv. Morrison (1986), 477 U.S. 365, 384, cited in State v. Madrigal
(2000), 87 Ohio St.3d 378, 389. On appeal, defendant has advanced no legal argument supporting the conclusion that the tape recordings were made in violation of the Fourth Amendment. He has thus presented no basis for his contention that his trial counsel should have filed a motion to suppress, and our own review of the record reveals no evidence indicating that a motion to suppress the audio recordings would have had any reasonable probability of success. Therefore, defendant's argument fails the second prong of Strickland, which requires that he show prejudice from trial counsel's allegedly ineffective performance. Moreover, we are not persuaded that trial counsel's decision to admit the tapes into evidence was ineffective under the first prong of Strickland, since counsel clearly established that the defendant's name was never heard on the tapes and thus presented the permissible and strategic argument that the voice on the tapes could not be conclusively established as the defendant's. Cf. Madrigal, 87 Ohio St.3d at 389
(defense counsel was not ineffective in failing to file motion to suppress, since the "adversarial testing process" of the questioned evidence at trial worked to the defendant's benefit). Accordingly, we believe that trial counsel's decisions regarding the audiotapes fall well within what could be considered a sound trial strategy.
Finally, defendant argues in both his second assignment of error and as the third prong of his first assignment of error that insufficient evidence was presented to establish his guilt as to the charge of intimidation. "The relevant inquiry [in reviewing a claim of insufficient evidence] is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. R.C. 2921.04(B) provides that "[n]o person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness." Here, Vicky Perez's testimony provided evidence on every single element of the offense of intimidation. See Transcript at *220-22. Accordingly, under Jenks the State fully met its burden and even if defendant's trial counsel had made a motion pursuant to Crim.R. 29 on the intimidation charge, that motion could not have been granted. Therefore, defendant's counsel was not ineffective for failing to make the motion. Cf. State v. Mills (1991),73 Ohio App.3d 27, 35 (trial counsel's failure to move for dismissal pursuant to Crim.R. 29 was not improper in light of the evidence presented in the state's case-in-chief linking defendant to all of the criminal activities of which he was accused).
Moreover, defendant's conviction was not against the manifest weight of the evidence. The standard to apply when reviewing manifest weight claims has been set forth as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Martin (1983), 20 Ohio App.3d 172, 175; see also State v. Thompkins (1997), 78 Ohio St.3d 380, 387. A court of appeals reversing the judgment of a trial court on the basis of weight of the evidence acts as a `thirteenth juror' who rejects the factfinder's resolution of the conflicting testimony. See id. at 387, citing Tibbs v. Florida (1982), 457 U.S. 31, 42. Furthermore, appellate courts reverse on the ground of manifest weight only in exceptional cases "where the evidence weighs heavily against the conviction." Thompkins, 78 Ohio St.3d at 389. Here, the defendant's trial counsel fully cross-examined the State's witnesses, and the defendant himself testified and denied that he had sold Vicky Perez crack cocaine or that he had made threatening phone calls to her. He also admitted under oath that he had lied about his identity to a MAN Task Force officer when he had been arrested for drug trafficking on a prior occasion. The jury had a full opportunity to judge the evidence presented and the credibility of both Ms. Perez and the defendant. We cannot say that the evidence this case the "weighs heavily" against the jury's determination that the defendant is guilty of the crimes for which he was indicted.
For these reasons, the defendant's two assigned errors are overruled, and the judgment of the Defiance County Court of Common Pleas is affirmed.
 _____________ Shaw, J.
BRYANT and HADLEY, JJ., concur.