OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12, we hereby elect to issue a full opinion in lieu of a judgment entry. Stephen M. Pack appeals the March 21, 2001 judgment of the Court of Common Pleas of Auglaize County denying his petition for post-conviction relief.
The record reflects that on January 10, 2000, Pack was indicted on eleven counts, including one count of aggravated robbery, one count of kidnapping, one count of felonious assault, three counts of theft, one count of vandalism, two counts of burglary, and one count of attempted burglary. Appellant pled not guilty to the charges and the matter was tried before a jury.
On March 10, 2000, the jury returned its verdict, finding Pack guilty on seven counts of the indictment, including complicity to commit robbery, complicity to commit aggravated burglary, and complicity to commit theft. The trial court sentenced Pack on May 4, 2000, to an aggregate term of thirty-two (32) years in prison. Appellant appealed this conviction, but this Court affirmed the trial court's judgment. SeeState v. Pack (Nov. 14, 2000), Auglaize App. No. 2-2000-20, unreported, 2000 WL 1695123. The Supreme Court of Ohio subsequently did not allow Appellant's discretionary appeal. See State v. Pack (2001),91 Ohio St.3d 1474, 744 N.E.2d 194.
On February 16, 2001, Appellant filed a petition for post-conviction relief, pursuant to R.C. 2953.21, alleging ineffective assistance of counsel. Appellee, the State of Ohio, filed its answer to this petition on March 6, 2001, and thereafter filed a motion to dismiss Appellant's petition for post-conviction relief on that same date. The trial court dismissed Appellant's petition on March 21, 2001. This appeal followed, and Appellant now asserts two assignments of error with the trial court's judgment.
 The Trial Court erred when the court dismissed Appellant's petition to vacate or set aside sentence upon the basis that the claims advance [sic] therein are barred by the doctrine of res judicata.
The Trial Court erred in dismissing Appelant's [sic] petition for post-conviction, where Appellant presented evidence to substantiate Appellant's entitlement to an evidentiary hearing thus violating Steven Pack's rights under the Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution and Article I, Section 1, 2, 5, 9, 10,16, and 20 of the Ohio Constitution [sic].
As appellant's assignments of error raise similar issues for our review, this Court will address them together.
The Ohio Revised Code permits a person convicted of a criminal offense to file a "petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A). The sentencing court is instructed that "[b]efore granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(C); see also State v. Calhoun (1999),86 Ohio St.3d 279, 282-283. Furthermore,
 [i]n making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court and the court reporter's transcript.
R.C. 2953.21(C).
In State v. Perry (1967), 10 Ohio St.2d 175, syllabus, the Ohio Supreme Court outlined the requirements of R.C. 2953.21 in great detail. Specifically, the court determined that "[w]here a petition for postconviction relief filed by counsel for a prisoner does not allege facts which, if proved, would entitle the prisoner to relief, the trial court may so find and summarily dismiss the petition." Id. at paragraph two of the syllabus. However, if the files and records of the case demonstrate that the petitioner is entitled to relief, the trial court must grant an evidentiary hearing on the matter. See id. at paragraph one of the syllabus. A petitioner is entitled to relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." Id. at paragraph four of the syllabus.
Subsequent to the Perry decision, the Ohio Supreme Court found "that the trial court shall determine whether there are substantive grounds forrelief" prior to granting an evidentiary hearing. State v. Calhoun,86 Ohio St.3d at 282-283 (Emphasis sic.) The court's rationale being "that it is not unreasonable to require the defendant to show in his petition for postconvition relief that such errors resulted in prejudice before a hearing is scheduled" because R.C. 2953.21 does not entitle the petitioner to a hearing automatically. Id. at 283 (citing State v.Jackson (1980), 64 Ohio St.2d 107, 112). Thus, in accordance withCalhoun, a petitioner must "submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness" before a hearing may be granted. State v. Calhoun, 86 Ohio St.3d at 283
(quoting State v. Jackson, 64 Ohio St.2d at syllabus).
Appellant maintains that his lack of effective assistance of counsel violated his Fourth, Fifth, and Sixth Amendment rights as provided in the United States Constitution, as well as his rights under Article 1, Section 10 of the Ohio Constitution. Appellant bases this contention upon the following grounds: (1) failure of trial counsel to make a motion for a change of venue; (2) failure to advise Appellant of the ability to file an affidavit to disqualify the trial judge; (3) trial counsel's conflict of interest between Appellant and a witness for the prosecution; (4) failure of trial counsel to file motions to suppress Appellant's statements to law enforcement and those allegedly made to another witness and recorded on a cassette tape by that witness; (5) failure to challenge the authenticity of the tape, which allegedly contained damaging statements made by Appellant; (6) failure to have the transcripts of conversations between co-defendant, Michael King, and Appellant's mother, Laurie Isaacs, admitted into evidence; (7) failure of trial counsel to make a motion for disclosure of Brady material and to make a motion pursuant to Crim.R. 16(B)(1)(g); (8) failure to have the statements of four witnesses admitted into evidence; and (9) the failure to obtain the grand jury testimony of co-defendant Michael King.
This Court has previously addressed the issue of ineffective assistance of counsel when a trial has taken place and has determined that "`whether the accused, under all the circumstances * * * had a fair trial and substantial justice was done'" is a factor that Ohio courts consider.State v. Jones (Sept. 27, 2000), Auglaize App. No. 02-2000-07, unreported, 2000 WL 1420271, *2 (quoting State v. Calhoun (1999),86 Ohio St.3d 289). In addition, attorneys licensed by the State of Ohio "are presumed to provide competent representation." Jones, supra (citingState v. Hoffman (1988), 129 Ohio App.3d 403, 407). The State of Ohio has also adopted the two-part test for determining whether a criminal defendant has been denied an effective assistance of counsel established by the United States Supreme Court in Strickland v. Washington (1984),466 U.S. 668. See State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. "A convicted defendant must first show that his attorney's performance `fell below an objective standard of reasonableness,' and must then show that `there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Jones, supra (quotingStrickland v. Washington, 466 U.S. at 688, 694).
As to the first prong of the test, courts are to afford a high level of deference to the performance of trial counsel. State v. Bradley,42 Ohio St.3d at 142. Regarding the second prong of Strickland, reasonable probability requires a probability sufficient to undermine the confidence in the outcome of the trial. Id. It is with these standards in mind, that this Court now scrutinizes the proceedings below. However, for the sake of brevity, the nine contentions of the appellant will be separated into two categories based upon the two-part test of Strickland and discussed accordingly.
The first category of contentions are those in which the trial record rebuts the petition's allegations of defective performance by Appellant's trial counsel. The following grounds relied upon by Appellant fall into this first category: trial counsel's failure to make a motion for change of venue, the failure to investigate the authenticity of the tape recorded by Uriah Cosgrove, and the failure to admit the transcripts of Michael King's conversations with Laurie Isaacs.
Regarding trial counsel's failure to make a motion for a change of venue, the record demonstrates that trial counsel addressed the panel as to who had knowledge of the case and was able to conduct voir dire with those who answered in the affirmative outside the hearing of those who answered in the negative. The jurors with some knowledge of the case and whose capability to act impartially was doubtful were then dismissed. Thus, trial counsel's choice to conduct voir dire in the manner that he did rather than file a motion for a change of venue was not a deficient performance. In addition, the petition fails to demonstrate how any of these choices prejudiced the defendant. For example, the appellant maintains that jurors in another venue would have received little pre-trial publicity and, therefore, Appellant would have received a fair trial, probably resulting in his acquittal. In fact, the trial record reveals that the pool of perspective jurors received little pre-trial publicity and actually acquitted Appellant of some of the counts against him.
Appellant next challenges counsel's failure to investigate the authenticity of a tape recording made by Uriah Cosgrove, which contained damaging admissions by Appellant. However, the record reveals that trial counsel presented testimonial evidence through Laurie Isaacs, Appellant's mother, and Jerry Isaacs, Appellant's step-father, in an effort to directly establish that the voice on that tape was not that of Appellant. Not obtaining additional scientific evidence as to whether it was Appellant on the tape does not rise to the level of a deficient performance on the part of trial counsel.
Likewise, trial counsel's failure to have the transcripts of conversations between Laurie Isaacs and co-defendant Michael King admitted into evidence does not constitute deficient performance. Electing instead to examine witnesses in court as to what they did or did not previously say was a reasonable trial tactic, given that Michael King actually admitted to making statements to Laurie Isaacs that were favorable to Appellant. In addition, the petition does not establish how the appellant was prejudiced by the failure to have these transcripts admitted or whether the transcripts would even have been admissible, given the trial testimony of these witnesses. Appellant's stated purpose for the introduction of these materials was to illustrate that he did not commit the crimes with which he was charged and to impeach witness King. However, testimony, adduced by defense counsel at trial, established that King admitted to telling Laurie Isaacs that Appellant did not commit these crimes, thereby accomplishing Appellant's stated purpose. Therefore, the petition fails to show either deficient performance by counsel or how this prejudiced the appellant.
The second category of contentions are those in which the petition on its face does not establish how Appellant was prejudiced by trial counsel's performance, even assuming such performance was deficient. The first such contention is that trial counsel should have made a motion to disqualify the trial judge and/or informed Appellant that he could file an affidavit to have the trial judge disqualified from the case. Appellant's allegation is based on the fact that the trial judge also took the pleas of the co-defendants and was privy to information provided by these defendants about the crimes with which Appellant was charged. However, Appellant does not indicate or even allege that any rulings that the trial court made were a result of bias nor does the appellant otherwise demonstrate how he was prejudiced at trial. Thus, this contention fails.
Appellant next maintains that he was prejudiced by trial counsel's conflict of interest regarding James Heinrich, witness for the prosecution, in that counsel's cross-examination was hindered by the fact that Heinrich was currently being represented by trial counsel's firm. This assertion fails because the record clearly indicates that the charges to which Heinrich testified were those for which Appellant was acquitted.
Additionally, Appellant asserts that he was prejudiced by his counsel's failure to obtain the grand jury testimony of Michael King. However, the petition does not adequately demonstrate how the appellant was prejudiced by this. First, Appellant has not shown that King even testified before the grand jury in this matter. Second, the petition does not indicate what King's grand jury testimony, if any, might reveal or whether such testimony was favorable to the guilt or punishment of Appellant.
Likewise, the petition fails to demonstrate how trial counsel's failure to make a motion for Brady material and a motion pursuant to Crim.R. 16(B)(1)(g) prejudiced Appellant. Appellant asserts that such a motion would have aided in the impeachment of King. However, the record establishes that through cross-examination counsel elicited from King prior statements that contradicted his trial testimony. Thus, Appellant again fails to demonstrate prejudice in counsel's failure to make Crim.R. 16(B)(1)(g) or Brady motions.
Appellant also contends that trial counsel's performance was deficient because he did not move to have Appellant's statements to law enforcement suppressed. Appellant's affidavit states that he felt intimidated during his conversation with law enforcement and that he felt that he was being forced to make the statement; however, other than these subjective feelings, the affidavit and the petition are not fact specific as to what was the cause of Appellant's intimidation. Without attesting to what specific grounds upon which such a motion could have been granted, the appellant does not establish how this failure was prejudicial to him.
The failure of trial counsel to have the statements of four witnesses that refutes some of the trial testimony admitted into evidence is another manner in which trial counsel performed deficiently, according to Appellant. Had those statements been admitted, Appellant maintains that he would not have been convicted and is, therefore, entitled to an evidentiary hearing on this issue.
Although a court is required by R.C. 2953.21(C) to consider affidavits in support of a petition for post-conviction relief that are sworn to under oath and accord such affidavits due deference, the trial court "may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact."State v. Calhoun, 86 Ohio St.3d at 284. Upon review of these affidavits, the information contained therein does not demonstrate that Appellant was prejudiced by their omission from trial nor is an evidentiary hearing warranted despite whether such affidavits are credible.
One affiant now states that another person told the affiant that he, also, committed the crimes. Such a statement is hearsay not within any exception and could not have been admitted, not to mention the fact that another person's involvement does not negate Appellant's involvement. Another affiant purports to refute the testimony of Jack Davis, a prosecution witness, as to his whereabouts during a portion of the relevant time period. However, given the totality of the evidence at trial, such impeachment testimony does not demonstrate sufficient prejudice to the defendant in not calling this affiant to testify.
Another affiant states that on the date that Uriah Cosgrove made the tape, wherein the fact that one of the taped voices was that of Appellant's was disputed, he was with Appellant and that they did not see Cosgrove. Appellant does not establish how the failure to call this witness was prejudicial, given that this affiant, Skyler Gallimore, actually testified at trial and was specifically asked about Appellant and Cosgrove talking with one another and the date of such meeting. The fourth affiant, LaKhrista Rigdon, testified at trial, too. The statements contained in her affidavit, likewise, do not demonstrate how the appellant was prejudiced by ineffective assistance of counsel.
Appellant also maintains that an evidentiary hearing should be had because there are "other facts" exclusively within his knowledge that should be brought to the trial court's attention. These other facts are contained in the appellant's affidavit. However, Appellant chose not to testify at trial. Having a defendant not testify at trial is often a sound trial tactic decided upon by a defendant and his counsel. Such a choice does not demonstrate ineffective assistance of counsel.
Appellant is not now entitled to an evidentiary hearing as to matters surrounding the crimes with which he was charged when he had the opportunity to testify at trial about these matters if he had chosen to do so.
Finally, as noted by the trial court, many of the allegations of Appellant discussed above are barred by the doctrine of res judicata, wherein claims that were or could have been raised at trial or on direct appeal are not permitted in a post-conviction review. State v. Steffen
(1994), 70 Ohio St.3d 399, 410 (citations omitted). However, a petition for post-conviction relief based on evidence outside of the trial court record is not precluded by res judicata. See State v. Cole (1982),2 Ohio St.3d 112, 113-114. Although, if the additional evidence in support of the petition "is only marginally significant and does not advance the petitioner's claim[,]" then res judicata applies, and the claim is barred. State v. Lawson (1995), 103 Ohio App.3d 307, 315.
In this case, one such contention is the conflict of interest of trial counsel, about which the appellant was advised in court during trial, waived such conflict on the record, and did not challenge on direct appeal. Another is the transcript of King's conversations with Laurie Isaacs, which was the subject of both direct and cross-examination of King and Laurie Isaacs. The existence of these transcripts was made known on the record during the trial, and the matter was not argued on direct appeal. In addition, the issue regarding the tape made by Cosgrove was addressed on direct appeal, and this Court held that the tape was authenticated by Cosgrove and the statements were not taken in violation of Appellant's rights. See State v. Pack (November 14, 2000), Auglaize App. No. 2-2000-20, unreported, 2000 WL 1695123.
For all of these reasons, Appellant's assignments of error are overruled. It is the order of this Court that the judgment of the Common Pleas Court of Auglaize County is affirmed.
WALTERS, P.J., and HADLEY, J., concur.