OPINION
{¶ 1} Defendant-Appellant, Jamie D. Taylor ("Taylor"), appeals from the judgment and sentence of the Seneca County Court of Common Pleas which found him guilty of two counts of assault and one count of vandalism.
 {¶ 2} On or about October 19, 2002, Taylor allegedly threw a beer bottle at a police cruiser and assaulted two police officers while they tried to arrest him. During the struggle, Taylor allegedly tore the windshield wiper off of the cruiser and swung it at one of the officers. Subsequently, he was indicted for two counts of assault, felonies of the fourth degree, and one count of vandalism, a felony of the fifth degree. Taylor pled not guilty and was later tried before a jury on May 12, 2003.
 {¶ 3} At trial, Sergeant Brown of the Fostoria Police Department testified to the following relevant facts: that Taylor was outside of a bar drinking from a bottle of beer when Brown drove by in police cruiser number 390, that Taylor yelled obscenities and threw the beer bottle at the police cruiser Brown was driving, that when Brown exited the cruiser and told Taylor he was under arrest, Taylor continued to yell obscenities and "made a move" toward Sergeant Brown, that Taylor attempted to elbow and head butt Brown, that Taylor vandalized his cruiser by pulling off the driver's side windshield wipers, which he swung at Brown, and that Taylor continued to struggle and kick after being handcuffed and placed in the backseat of the cruiser. Brown was later recalled to identify photographs of the damaged police cruiser.
 {¶ 4} Officer Noftz also testified at trial to the following relevant facts: that he was called by Brown to assist him with Taylor, that Noftz arrived when Taylor was in the backseat of the cruiser, that Taylor kicked at him numerous times, that Noftz restrained Taylor with a hobble, a device which prevents movement by securing the hands and feet together, that Taylor was yelling obscenities, that Taylor hit Noftz in the hand and chest and that Noftz felt he needed to protect himself from Taylor.
 {¶ 5} Finally, Chad Miller of Reinke Ford testified that he repaired the arm of the windshield wiper on cruiser 390. He also identified a photograph of police cruiser 390 which depicted a broken windshield wiper arm.
 {¶ 6} The jury found Taylor guilty on all counts. On May 15, 2003, Taylor was sentenced by the trial court to an aggregate term of 34 months in prison. Specifically, the trial court sentenced Taylor to seventeen months in prison for count one, seventeen months in prison for count two and eleven months for count three with counts one and three to be served concurrent to each other but consecutive to count two.
 {¶ 7} It is from this decision which the appellant appeals, asserting eight assignments of error for our review. We have combined the appellant's first and second assignment of error as they involve similar issues of law.
 ASSIGNMENT OF ERROR NO. I The conviction in the trial court should be reversed because it wasagainst the manifest weight of the evidence and because the evidencesupporting it was insufficient as a matter of law to prove the convictionfor the assault of Sergeant Brown beyond a reasonable doubt.
 ASSIGNMENT OF ERROR NO. II {¶ 8} The conviction in the trial court should be reversed becauseit was against the manifest weight of the evidence and because theevidence supporting it was insufficient as a matter of law to prove theconviction for the assault of Officer Noftz beyond a reasonable doubt.
 {¶ 9} In State v. Jenks, the Ohio Supreme Court set forth the sufficiency of the evidence test as follows:
An appellate court's function when reviewing the sufficiency of theevidence to support a criminal conviction is to examine the evidenceadmitted at trial to determine whether such evidence, if believed, wouldconvince the average mind of the defendant's guilt beyond a reasonabledoubt. The relevant inquiry is whether, after viewing the evidence in alight most favorable to the prosecution, any rational trier of fact couldhave found the essential elements of the crime proven beyond a reasonabledoubt.
 Jenks (1999), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 10} In contrast, when reviewing whether the verdict was against the manifest weight of the evidence, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Adkins
(Sept. 24, 1999), 3rd Dist. No. 5-97-31, citing State v. Martin (1983),20 Ohio App.3d 172, 175; State v. Thompkins (1997), 78 Ohio St.3d 380,387. In making this determination, there are eight factors to consider, which include "whether the evidence was uncontradicted, whether a witness was impeached, what was not proved, that the reviewing court is not required to accept the incredible as true, the certainty of the evidence, the reliability of the evidence, whether a witness' testimony is self-serving, and whether the evidence is vague, uncertain, conflicting, or fragmentary." State v. Apanovitch (1987), 33 Ohio St.3d 19,23-24, citing State v. Mattison (1985), 23 Ohio App.3d 10, syllabus.
 {¶ 11} R.C. 2903.13(A) provides: "No person shall knowingly cause or attempt to cause physical harm to another * * *." Furthermore, "[i]f the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree." R.C.2903.13(C)(3).
 {¶ 12} In this case, Taylor argues that the evidence does not support that he inflicted physical harm on Sergeant Brown. However, actual physical harm is not required; an attempt to commit physical harm will suffice. As Brown testified that Taylor repeatedly tried to elbow, kick and head butt Brown, a rational trier of fact could have found that Taylor attempted to physically harm Brown.
 {¶ 13} As with Brown, Taylor argues that Officer Noftz was not physically harmed by Taylor. However, as noted above, actual physical harm is not required for an assault. Furthermore, Noftz testified that Taylor kicked at him and in the struggle, Taylor hit him in the hand and the chest. Additionally, Taylor makes the argument that Noftz assumed the risk of being kicked when he "chose to enter the vehicle when he had already seen the Appellant kicking inside." However, as a police officer, it was Noftz's duty to get Taylor under control so that Taylor could be transported to the police station. Moreover, to expect an officer to stand idly by until a defendant has finished throwing a temper tantrum is an absurd concept. Based on the foregoing, a rational trier of fact could have found that Taylor caused or attempted to cause physical harm against Noftz.
 ASSIGNMENT OF ERROR NO. III The Appellant was denied his right to the effective assistanceof counsel in violation of the Sixth and Fourteenth Amendments ofthe United States Constitution as well as Article I Section 10 ofthe Ohio Constitution.
 {¶ 14} This Court has previously addressed the issue of ineffective assistance of counsel when a trial has taken place and has determined that courts must consider "`whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done.'"State v. Jones (Sept. 27, 2000), Auglaize App. No. 02-2000-07, at *2, quoting State v. Calhoun (1999), 86 Ohio St.3d 279, 289. In addition, attorneys licensed by the State of Ohio "are presumed to provide competent representation." Jones, supra, citing State v. Hoffman (1998),129 Ohio App.3d 403, 407.
 {¶ 15} The State of Ohio has also adopted the two-part test for determining whether a criminal defendant has been denied the effective assistance of counsel established by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668. See State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus. "A convicted defendant must first show that his attorney's performance `fell below an objective standard of reasonableness,' and must then show that `there is a reasonable probability that, but for, counsel's unprofessional errors, the result of the proceeding would have been different.'" Jones, supra, quoting Strickland, 466 U.S. at 688, 694.
 {¶ 16} In this case, Taylor argues that his counsel was ineffective when she failed to object to three potential jurors who were later seated on the panel. While the jurors in question knew either Brown or Noftz, they did not give any indication that they would be unable to remain impartial. Consequently, we cannot find that Taylor's attorney's failure to object to these jurors "fell below an objective standard of reasonableness" or that it would have changed the outcome of the trial. Accordingly, Taylor's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. IV The trial court committed reversible error during its opening of voirdire when it questioned the potential jury about their knowledge of theAssistant Prosecuting Attorney, Sergeant Brown, Officer Noftz, and ChrisMiller, and failed to inquire of the potential jury of their knowledge ofDefense Counsel and the Defendant.
 {¶ 17} Taylor argues that the trial court erred by failing to ask the potential jurors whether they knew Taylor or his attorney. However, Taylor failed to raise this objection at or before trial and, therefore, it is waived. See State v. Bailey (June 3, 1997), Hancock App. No. 5-97-01, at * 2, citing State v. Brown (1988), 38 Ohio St.3d 305, 312. As a result, absent plain error, Appellant's assignment of error will be overruled. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). The rule requires that a reviewing court find three things in order to correct an error without a timely objection to the error at trial. First, there must be an error. Second, the error must be an obvious defect in the trial proceedings. Finally, the error must have affected substantial rights, which has been interpreted to mean that the trial court's error must have affected the outcome of the trial. Statev. Barnes, 94 Ohio St.3d 21, 2002-Ohio-68. As Taylor does not provide any support for his assertions that the outcome of the trial would have been different had the trial court questioned the jury regarding their knowledge of Taylor or his attorney, we are unable to find plain error. Consequently, Taylor's fourth assignment of error is overruled.
 {¶ 18} Assignments of error five, six and seven will be discussed together.
 ASSIGNMENT OF ERROR NO. V The trial court committed reversible error when it overruled theobjection of the defense counsel to the intent of the officer uponviewing the appellant outside the bar.
 ASSIGNMENT OF ERROR NO. VI The trial court committed reversible error when it overruled theobjection of defense counsel to the leading question posed by theAssistant Prosecuting Attorney to Sergeant Brown regarding use of a footin the attack.
 ASSIGNMENT OF ERROR NO. VII The trial court committed reversible error when it overruled theobjection of the defense counsel to the question posed by the AssistantProsecuting Attorney to Sergeant Brown regarding whether it would havehurt if the Appellant would have hit him in the face.
 {¶ 19} In assignments of error five through seven, Taylor argues that the trial court erred when it overruled certain evidentiary objections at trial. "It is axiomatic that a determination as to the admissibility of evidence is a matter within the sound discretion of the trial court." State v. Hudnall (Jan. 6, 1995), Marion App. No. 9-94-22.
 {¶ 20} First, Taylor argues that Brown should not have been permitted to testify as to what his intent was when he approached Taylor as this testimony had no relevance and was prejudicial. Next, Taylor argues that Brown should not have been permitted to testify in response to a leading question regarding evasive action taken by Brown to avoid being kicked by Taylor as Brown had not previously testified that Taylor had attempted to kick Brown. Finally, Taylor argues that Brown should not have been able to testify that Brown would have been hurt had Taylor actually hit him in the face with his head as this testimony would be speculative. Regardless of any technical errors prompting these claims, a review of the record reveals that these errors were harmless and would not have affected the outcome of the trial. See State v. Coldiron,
Auglaize App. No. 2-2000-31, 2001-Ohio-2250, citing Evid.R. 103. Consequently, Taylor's fifth, sixth and seventh assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. VIII The trial court committed reversible error when it permitted the Stateof Ohio to call Sergeant Brown for a second time during their case inchief, as if on re-direct, for the purpose of being questioned on anissue which was not addressed on direct examination, cross examination,redirect examination or recross examination when the Sergeant was on thestand the first time.
 {¶ 21} `"The recall of a witness is within the sound discretion of the trial court.'" State v. Phillips (Nov. 14, 1997), Allen App. No. 1-97-37, at *4, quoting State v. Spirko (1991), 59 Ohio St.3d 1, 28. As we stated above, "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 22} In this case, Taylor argues that the State should not have been permitted to recall Brown as a witness. However, Brown was called merely to identify photographs of police cruiser number 390 as it appeared after the altercation with Taylor and to testify as to whether he was able to drive number 390 during his shift the next day. As Brown had already testified that Taylor tore the windshield wiper from cruiser 390 and Taylor was given the opportunity to cross-examine Brown upon recall, we cannot find that the trial court abused its discretion in allowing the State to recall Brown. Consequently, Taylor's eighth assignment of error is overruled
 {¶ 23} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Bryant P.J., and Walters J., concur.