[Cite as *Shaffer v. Lyme*, 2011-Ohio-2204.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SHELBY COUNTY

MISTY R. SHAFFER,

    PLAINTIFF-APPELLEE,                  CASE NO. 17-10-23

    v.

KEVIN L. LYME,                          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court,
Domestic Relations Division
Trial Court No. 99DV000277

**Judgment Affirmed**

Date of Decision:    May 9, 2011

APPEARANCES:

    *Shawn P. Hooks*  for Appellant

    *Rob C. Wiesenmayer, II*  for Appellee

**ROGERS, P.J.**

{¶1} Defendant-Appellant, Kevin Lyme, appeals from the judgment of the Court of Common Pleas of Shelby County granting judgment in favor of Plaintiff-Appellee, Misty Shaffer.[1] On appeal, Lyme contends that the trial court abused its discretion when it denied his motion for reconsideration.[2] Based on the following, we affirm the judgment of the trial court.

{¶2} Shaffer and Lyme were married in 1990, and had two children, Brandon and Halee. In November 1999, Shaffer filed a complaint for divorce from Lyme. In August 2000, the trial court entered its judgment entry of divorce, designating Shaffer as the primary residential parent and legal custodian of the minor children.

{¶3} In February 2005, the parties filed an agreed entry modifying the shared parenting plan, which altered the visitation schedule and parental

---

[1] The original caption of this case was Misty Lyme v. Kevin Lyme. At some point during the course of litigation the caption changed to Misty Shaffer v. Kevin Lyme. It is not clear why the caption changed. The judgment entry of divorce does not change Misty's last name nor is there evidence that Misty requested a name change. Furthermore, once a case is docketed a change in the name of a party to the litigation does not have any effect on the caption of the case. Accordingly, the parties, as well as the trial court, should have maintained the caption Misty Lyme v. Kevin Lyme on appeal. However, since the caption on this appeal has been in use since 2006 we will, in the interest of consistency, continue use of the present caption for the purposes of this opinion.

[2] Although captioned as "Defendant's Motion to Reconsider Decision and Judgment Pursuant to Civ.R. 60(B)," we construe Lyme's motion on appeal as a motion for relief from judgment and will refer to it as such for the remainder of this opinion.

responsibilities of each party. In February 2007, the trial court adopted the agreed entry.

{¶4} In June 2007, Shaffer filed a motion for contempt arguing that Lyme willfully interfered with her right to parenting time with the children, in violation of the agreed entry adopted by the trial court in February 2007. In response, the magistrate ordered the parties to mediation.

{¶5} In July 2007, Shaffer, again, filed a motion for contempt arguing that Lyme willfully interfered with her right to parenting time with the children. In September of that year, a hearing on the motion was held before the magistrate, with both parties present.

{¶6} On October 25, 2007, the trial court filed its judgment entry. The trial court found that Lyme, having violated the agreed entry adopted by the trial court in February 2007, was guilty of contempt. The trial court ordered that Shaffer be permitted make-up parenting time. The judgment entry also included the following clause:

> **IT IS FURTHER ORDERED as sanctions for Defendant/Father's contempt, that he is sentenced to 10 days in the Shelby County Jail, which shall be suspended on the condition that Defendant/Father have no further violations of any of this Court's Orders**

**{¶7}** In January 2008, Shaffer filed a motion to impose sanctions on Lyme, arguing that Lyme failed to follow the trial court's October 25, 2007 order. In February 2008, Lyme file various motions, *inter alia,* motion to reduce or terminate parenting time, motion to modify shared parenting, motion to increase child support, motion to modify health insurance percentages, motion for contempt, motion for guardian ad litem, and motion for attorney fees. In May 2008, Shaffer, again, filed a motion for contempt arguing that Lyme willfully interfered with her right to parenting time with the children. A hearing on all of the foregoing motions was held before the magistrate in May 2008, with both parties present.

**{¶8}** On August 7, 2008, the trial court filed its judgment entry on Shaffer's motion for sanctions. The judgment entry included the following clause:

> **IT IS FURTHER ORDERED that Defendant/Father understands and agrees that should he be found guilty of contempt for depriving Plaintiff/Mother of additional parenting time with either minor child, that in addition to any sanctions previously set forth in this Court's Order dated October 25, 2007, Defendant/Father will receive an additional 10 days in jail for each contempt violation.**

At the same time, the trial court filed a separate judgment entry addressing Shaffer's May 2008 motion for contempt, and the various motions filed by Lyme

in February 2008. With regard to Shaffer's motion for contempt, the trial court dismissed it without prejudice.

{¶9} In November 2008, Shaffer, again, filed a motion for contempt arguing that Lyme willfully interfered with her right to parenting time with the children. In April 2009, Shaffer filed a motion to modify parental rights and responsibilities. A hearing on both motions was held before the magistrate in July 2009, with both parties present.

{¶10} In July 2009, the magistrate issued its decision. The magistrate recommended that Lyme be found in contempt of court and sentenced to 30 days in the Shelby County Jail. The magistrate also recommended that Shaffer be given custody of Brandon. In the same month, Lyme filed objections to the magistrate's decision, arguing that the magistrate erred in finding him in contempt and granting Shaffer custody of Brandon. Lyme also requested the transcript, but was informed that the transcript would not be prepared before the thirty-day filing period elapsed.

{¶11} In September 2009, Shaffer filed a motion to dismiss Lyme's objections to the magistrate's decision, as Lyme had, at that point, not filed the transcript.

**{¶12}** On October 20, 2009, the trial court overruled Lyme's objections to the magistrate's decision. In doing so the trial court, considering Shaffer's motion to dismiss, stated:

> **On July 16, 2009, the Magistrate of this Court issued his Decision setting forth findings of fact and determined that Kevin L. Lyme was in contempt of Court. On July 22, 2009, Lyme filed a request for transcript. On July 24, 2009, Lyme filed his Objections to Decision of Magistrate. No transcript has been filed. On September 18, 2009, Plaintiff, Misty R. Shaffer (Shaffer) filed her Motion to Dismiss the Objection for failure to timely file a transcript.**
>
> **Rule 53(D)(3)(b) provides that a party may file written objections to a Magistrate's Decision within fourteen (14) days of the filing of the Decision. Rule 53(D)(3)(b)(iii) says, "The objecting party shall file the transcript or affidavit with the Court within thirty days after filing objections unless the Court extends the time in writing for preparation of the transcript or other good cause." Although the Court records show that on July 22, 2009, Lyme requested a transcript, it is the responsibility of Lyme to ensure the transcript is filed within thirty days or such other extension of time that may be granted by the Court. This Court further notes that on July 24, 2009, the Official Court Reporter filed a letter dated July 23 addressed to the attorney for Lyme informing the attorney that there would be a delay in the preparation of the transcript. Even with this notice, Lyme failed to request an extension of time.**

The trial court went on to find that Lyme was in contempt of court sentencing him to thirty days incarceration at the Shelby County Jail, and to pay Shaffer's attorney fees.

{¶13} On October 30, 2009, Lyme filed a motion to stay the execution of the trial court's order and a motion for relief from judgment. In his motion for relief from judgment Lyme, citing Civ.R. 60(B)(5), requested the trial court to allow him to file supplemental objections and the transcript of the proceedings before the magistrate. Lyme alleged that his counsel assured him that the transcript and supplemental objections would be filed, and that he was unaware that his attorney failed to file the transcript and supplemental objections. On the same day, the trial court granted Lyme's motion to stay the execution of its October 20, 2009 order.

{¶14} Subsequently, the trial court scheduled a hearing on Lyme's motion for relief from judgment. The original hearing date was in February 2010. Prior to the scheduled hearing, Lyme requested a continuance of the hearing, which the trial court granted, rescheduling the hearing for March 2010.

{¶15} In April 2010, the trial court filed its decision on Lyme's motion for relief from judgment. The trial court granted Lyme's motion and vacated its October 20, 2009 order. The trial court stated in pertinent part:

> **This Court finds that Lyme relied on the representations of his counsel that all steps were being taken to properly prosecute objections to the Magistrate's Decision. Considering that Lyme is facing a jail sentence for contempt that, pursuant to Rule 60(B)(5) this court should grant relief from judgment.**

**Accordingly, this court grants Lyme's motion for relief from judgment and vacates its order of October 20, 2009. Lyme is granted 30 days to file a transcript and any supplemental memorandum in support of objections to the Magistrate's decision.**

{¶16} In May 2010, Lyme filed a motion for an extension of time to file the transcript and supplemental objections. On June 4, 2010, the trial court granted Lyme's motion. The trial court gave Lyme ten days to file the transcript and supplemental objections, but stated that no further extensions would be granted.

{¶17} On June 15, 2010, Lyme filed a motion to stay execution of the trial court's order, and requested one final extension to file the transcript and supplemental objections.

{¶18} On June 17, 2010, the trial court denied Lyme's motion to stay execution. On the same day, the trial court denied Lyme's objections to the magistrate's decision.

{¶19} On June 25, 2010, Lyme filed a motion to stay the execution of the trial court's order and a motion for relief from judgment. In his motion for relief from judgment, Lyme, citing Civ.R. 60(B)(5), argued that his counsel was solely to blame for not filing the transcript and supplemental objections.

{¶20} On July 1, 2010, the trial court denied Lyme's motion to stay execution, but granted his motion for relief from judgment, giving him ten days to request an evidentiary hearing. Lyme failed to request an evidentiary hearing.

{¶21} On August 24, 2010, the trial court denied Lyme's motion for relief from judgment stating:

> **On June 25, 2010 Defendant, Kevin Lyme (Lyme) requested the Court to reconsider its Decision entered on June 17, 2010 and grant Lyme relief pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure. Subsequent to the Motion being filed, this Court issued its Entry on July 1 directing the Defendant to request an evidentiary hearing within ten days. No request was made. Plaintiff, Misty R. Shaffer (Shaffer), has not filed any response to Lyme's Motion for Rule 60(B).**
>
> **The basis of the Rule 60(B) Motion is the neglect of the attorney in having failed to timely file a transcript.**
>
> **As recited in previous entries, this Court granted counsel for Lyme several extensions of time in an effort to give Lyme all possible opportunities to timely prosecute objections to the Magistrate's Decision. At some point, every case must come to a conclusion.**
>
> **As noted in previous entries in this case, generally the rule is that a party who has voluntarily chosen his attorney cannot avoid the consequences of the acts or omissions of that attorney.**
>
> **Accordingly, this Court finds the Motion of Lyme for relief from judgment to not be well-taken and it is denied.**

{¶22} It is from this judgment Lyme appeals, presenting the following assignment of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE MOTION FOR RELIEF PURSUANT TO CIV. R. 60(B) BECAUSE THE RECORD IS CLEAR THAT THE FAILURE TO TIMELY FILE THE TRANSCRIPT WAS THROUGH NO FAULT OF APPELLANT.**

**{¶23}** In his sole assignment of error, Lyme contends that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment. We disagree.

**{¶24}** In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 1997-Ohio-351. A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *State v. Boles*, 2d Dist. No. 23037, 2010-Ohio-278, ¶¶17-18, citing Black's Law Dictionary (8 Ed.Rev.2004) 11. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶25}** In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made

within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.[3]

{¶26} In the case at bar, Lyme contends that his counsel's failure to file the transcript and supplemental objections amount to abandonment and inexcusable neglect, and that he is entitled to relief under Civ.R. 60(B)(5). Civ.R. 60(B)(5) is a catch-all provision that reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, paragraph one of the syllabus. The grounds for relief must be substantial. Staff Note to Civ.R. 60(B). Consequently, "[Civ.R. 60(B)(5)] is to be used only in extraordinary and unusual cases when the interests of justice warrant it." *Verco Indus. v. Fintastic Pet Cent.*, 3rd Dist. 9-98-17, 1998 WL 769727, quoting *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 105.

{¶27} In support of his contention, Lyme cites *Whitt v. Bennet* (1992), 82 Ohio App.3d 792. In *Whitt*, plaintiffs were involved in an automobile accident and filed a complaint against defendant. During discovery defendant served several interrogatories and requests for production upon plaintiffs' counsel.

---

[3] There is no issue as to whether Lyme satisfied the first and third requirements of the *GTE Automatic* test.

Plaintiffs' counsel did not respond, causing defendant to file a motion to compel discovery. Plaintiffs' counsel, despite having been provided the requested information by plaintiffs, did not respond. As a result, defendant filed a motion to dismiss, and the trial court scheduled it for a hearing. Plaintiffs' counsel did not appear at the hearing. The trial court, subsequently, dismissed plaintiffs' complaint, with prejudice. Thereafter, plaintiffs obtained new counsel and filed a motion to vacate the trial court's judgment pursuant to Civ.R. 60(B). The trial court analyzed plaintiffs' motion under Civ.R. 60(B)(1) and Civ.R. 60(B)(5), but ultimately found that Civ.R. 60(B)(5) was inapplicable because plaintiffs' grounds for relief were covered under Civ.R. 60(B)(1). On appeal, the court reversed, finding that Civ.R. 60(B)(5), not Civ.R. 60(B)(1), applied because counsel's inaction amounted to abandonment and inexcusable neglect, which were grounds not covered by the first four provisions of Civ.R. 60(B).

{¶28} The case at bar is easily distinguishable from *Whitt*. In Whitt, the issue on appeal was whether the trial court abused its discretion in denying plaintiffs' motion for relief. Specifically, the issue was whether the trial court abused its discretion in analyzing plaintiffs' motion for relief under Civ.R. 60(B)(1), instead of Civ.R. 60(B)(5). This issue is not present in the case at bar, as the trial court analyzed Lyme's motion for relief from judgment under Civ.R.

60(B)(5).[4] Instead, the issue is simply whether the trial court abused its discretion in denying Lyme's June 25, 2010 motion for relief from judgment.

{¶29} Review of the record clearly demonstrates that the trial court did not abuse its discretion when it denied Lyme's June 25, 2010 motion for relief from judgment. We begin our discussion with Civ.R. 53(D)(3)(b)(iii), which states:

> **An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered.** *The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.* **If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections. [Emphasis Added.]**

Civ.R. 53(D)(3)(b)(iii). Initially, Lyme requested the clerk of courts to produce a copy of the transcript. Lyme was informed that the transcript would not be produced within the thirty-day filing period. Having been so informed, Lyme took no action to alert the trial court of the delay. Subsequently, the trial court reviewed the magistrate's decision without the transcript, and adopted the

---

[4] Although the trial court's decision being appealed does not indicate which provision of Civ.R. 60(B) it relies upon, we find based upon its April 2010 decision granting Lyme's motion for relief from judgment, as well as Lyme's motion which sought relief pursuant to Civ.R. 60(B)(5), that the trial court analyzed Lyme's motion under Civ.R. 60(B)(5).

magistrate's decision. It is at this point Lyme begins to file motion after motion in what we view as an attempt to draw out the litigation. For nearly a year, Lyme managed to convince the trial court that the persistent failure to file the transcript and supplemental objections were the result of counsel's abandonment of the case. Oddly enough, Lyme's counsel appears to be selective in his abandonment, as counsel continued to file motions perpetuating the litigation. Moreover, we are not convinced that Lyme was completely oblivious to his counsel's alleged failures, nor was he completely helpless to remedy the situation. Attorneys licensed by the State of Ohio are presumed to provide competent representation. *State v. Pierce,* 3d Dist. No. 11-09-05, 2010-Ohio-478, ¶33, citing *State v. Hoffman* (1998), 129 Ohio App.3d 403, 407. One aspect of competent representation is communication with the client. We can assume, since Lyme did not demonstrate otherwise, that Lyme's counsel consulted with and obtained permission from Lyme to file the motions which perpetuated the litigation far beyond the original thirty-day filing period. Additionally, the record reflects that Lyme was informed several times, most notably via the trial court's decision in April 2010, that he needed to file the transcript and supplemental objections. Despite such notice, it appears that Lyme chose to delay the inevitable by continuing his onslaught of motions.[5] In light of the foregoing, along with the

---

[5] Lyme's actions also had the effect of negating the trial court's order granting Shaffer custody of Brandon,

countless opportunities afforded by the trial court to file the transcript and supplemental objections, we find that the trial court did not abuse its discretion when it denied Lyme's June 25, 2010 motion for relief from judgment.

{¶30} Accordingly, we overrule Lyme's sole assignment of error.

{¶31} Having found no error prejudicial to Lyme herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

because Brandon, during the course of Lyme's repeated efforts to draw-out the litigation, turned eighteen in September 2009.