OPINION
{¶ 1} Defendant-appellant, Jason Utz (hereinafter "Utz") appeals the judgment of the Crawford County Court of Common Pleas, which found he failed to register as a sex offender, in violation of R.C. 2950.04 and sentenced him to twelve months in prison.
 {¶ 2} Utz was convicted of attempted rape in 1992 and sentenced to a prison term of eight to fifteen years. In 2000, while still incarcerated, Utz was adjudicated a sexual predator. Pursuant to this adjudication, Utz was notified that he would be required to register as a sexual predator every 90 days for his lifetime. Utz was also notified as to where he would need to register when he was released from prison, the penalty for failing to register every 90 days, and the notification that would be necessary in the event he changed addresses.
 {¶ 3} Utz was granted parole in September 2002 and first registered with the Crawford County Sheriff's Office. After completing the first registration, Utz was notified that he would next need to register and verify his address in 90 days, by December 11, 2002.
 {¶ 4} Utz failed to register on December 11, 2002. A warning letter was sent to his last known address. The letter contained a notice that failure to register by the specified date would constitute a felony. The letter stated Utz had seven days from the date of the letter, or until December 20, 2002, to register. Utz appeared to register and verify his address on December 23, 2002, three days after the deadline, but no felony charge was pursued for his violation. Following this registration, Utz was notified that his next registration and address verification would need to be done by March 11, 2003.
 {¶ 5} Utz did not appear to register on March 11, 2003. A warning letter was again sent giving Utz until March 23, 2003 to complete his registration and address verification. Utz did not appear to register until March 24, 2003. Once again, no felony charge was pursued. Following his registration, Utz was again notified of the requirement to register and verify his address every 90 days and that his next registration would need to be done by June 9, 2003.
 {¶ 6} Utz failed to register by June 9, 2003. Once again, the Sheriff's Office sent out a warning letter, giving Utz seven days from the date of the letter, or until June 21, 2003, to register. The letter gave Utz notice that registering after the seven day grace period would constitute a felony. Utz never responded to the letter and never registered.
 {¶ 7} Utz was subsequently arrested and indicted for failing to comply with the requirements of R.C. 2950.04 by periodically registering with the Sheriff's Office, a felony of the fifth degree. The matter proceeded to trial on September 18, 2003. A jury found Utz guilty and the trial court sentenced Utz to twelve months in prison for the violation.
 {¶ 8} It is from this decision that Utz appeals, and sets forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I Counsel for the Defendant provided ineffective assistance ofcounsel.[1]
 {¶ 9} When an appellant claims that ineffective assistance was rendered, we must consider "whether the accused, under all the circumstances * * * had a fair trial and substantial justice was done." State v. Jones, Auglaize App. No. 02-2000-07, 2000-Ohio-1879, quoting State v. Calhoun (1999),86 Ohio St.3d 279, 289. We note that attorneys licensed by the State of Ohio are presumed to provide competent representation. Jones, supra,
citing State v. Hoffman (1998), 129 Ohio App.3d 403, 407.
 {¶ 10} The State of Ohio has adopted a two-part test for determining whether a criminal defendant has been denied the effective assistance of counsel. The test first requires a defendant to show that his attorney's performance fell below an objective standard of reasonableness. Strickland v. Washington
(1984), 466 U.S. 668. In considering this prong of the test, appellate courts are to afford a high level of deference to the performance of trial counsel. State v. Bradley (l989),42 Ohio St.3d 136, 142. Second, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."Strickland at 694. This prong requires a probability sufficient to undermine the confidence in the outcome of the trial. SeeState v. Hill, Paulding App. No. 11-03-07, 2003-Ohio-5123.
 {¶ 11} Utz asserts that trial counsel provided ineffective assistance by failing to call any witnesses on Utz's behalf. Utz claims that trial counsel acted unreasonably by proposing several theories as to why Utz failed to timely register, but failing to introduce evidence to prove those theories. Additionally, Utz argues that trial counsel lost his trial materials prior to trial and should have informed the court and requested a continuance. In failing to do so, Utz claims trial counsel was unprepared.
 {¶ 12} Our review of the record, however, does not indicate that the performance of Utz's trial counsel fell below an objective standard of reasonableness, despite Utz's claims. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if a better strategy had been available. See State v. Phillips
(1995), 74 Ohio St.3d 72, 85. The decision whether to call or not call witnesses is generally a matter of trial strategy and, absent a showing of prejudice, does not deprive a defendant of effective assistance of counsel. State v. Williams (1991),74 Ohio App.3d 686, 694. Further, the record does not reveal any evidence of unpreparedness on the part of trial counsel. The transcript does not disclose that trial counsel was unprepared. Rather, it indicates trial counsel conducted a thorough voir dire, cross-examined witnesses, objected to evidence and testimony and otherwise zealously represented Utz.
 {¶ 13} Even if we were to find that trial counsel's performance was deficient, Utz has provided no showing that the result of the proceeding would have been different but for trial counsel's conduct. Therefore, we cannot find that trial counsel provided ineffective assistance.
 {¶ 14} Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred when it denied Appellant's motion forJudgment of Acquittals [sic], pursuant to Rule 29 of the OhioRules of Criminal Procedure.
 {¶ 15} Crim.R. 29(A) provides, in pertinent part that "[t]he court on motion of a defendant * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 16} Utz argues that it was error for the trial court to deny his Crim.R. 29 motion for acquittal because the evidence was not sufficient to establish that the state conformed to the statutory requirements of R.C. 2950.06. Utz further claims that he cannot be found guilty of failing to complete the periodic verification at issue in the present case, because prior verification was never finalized.
 {¶ 17} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v.Thompkins (1997), 78 Ohio St.3d 380, 390. In reviewing the sufficiency of evidence, an appellate court is not to assess whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 18} Utz first contends that his prior registration was not finalized because he was not asked to sign the verification forms. R.C. 2950.06 provides in pertinent part that "the [sexual offender] verification required under this division is complete when the offender * * * personally appears before the sheriff * * * and completes and signs the form as described in this division."
 {¶ 19} At trial, a corrections officer who administers the sexual predator registration testified that Utz failed to sign the registration form in both September and in December. Evidence adduced at trial showed that Utz did, however, sign the registration form when he registered March 24, 2003, the registration that immediately preceded the registration at issue herein.
 {¶ 20} Based on this evidence, even if we were to find error on the part of the Sheriff's Office for the failure to have Utz sign his registration in September and December, that finding would have no effect on the present appeal. The registration Utz completed March 24, 2003 was finalized by his signature. Therefore, pursuant to R.C. 2950.06, Utz was required to complete another periodic verification in June, which he failed to do.
 {¶ 21} Utz further argues that the statutory warning letter sent to him was insufficient. Utz specifically asserts that R.C.2950.06 requires the written warning to "identify the Sheriff who sends it and the date on which it is sent." Utz claims that he letter he received does not meet this requirement as it merely stated "Crawford County Sheriff's Office" and not the particular name of the Crawford County Sheriff, Ronnie J. Shawber.
 {¶ 22} After a review of the warning letter sent by the Crawford County Sheriff, we cannot find that it conflicts with the requirements of R.C. 2950.06. Crawford County only has one Sheriff and Utz was not misled by the letter as to the location he was to appear for registration. Moreover, the purpose of identifying the Sheriff who sends the statutory warning letter, as the appellee points out, is to make clear to the sexual offender the county in which the offender is to register. The letter sent to Utz served this purpose.
 {¶ 23} Accordingly, we do not find that the trial court erred in denying Utz's Crim.R. 29 motion, as sufficient evidence existed to find the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 24} Appellant's second assignment of error is, therefore, overruled.
 {¶ 25} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Bryant, J., concur.
[1] We note that Utz's assertions regarding trial counsel's performance are contained in an unsigned affidavit, created by Utz's appellate counsel based on a letter sent by Utz to appellate counsel after the trial had concluded and Utz had been sentenced. Utz has attempted to supplement the record with this affidavit.
App.R. 9(A) limits our consideration on appeal to "original papers and exhibits thereto filed in the trial court * * *." Utz's affidavit, therefore, cannot be considered for purposes of this appeal, as it was not made part of the record at the trial level. The affidavit is hereby stricken from the record and we will proceed to the merits of the case without having considered it.