OPINION
{¶ 1} Defendant-Appellant, Lawrence F. Bofia, appeals a judgment of the Henry County Common Pleas Court, convicting him of six counts of rape. Bofia maintains that his trial counsel was prejudicially ineffective. After reviewing the entire record before us, we cannot say that defense counsel's actions were deficient, and, therefore, we cannot make a finding of ineffective assistance of counsel. Accordingly, we overrule all three of Bofia's assignments of error and affirm the judgment of the trial court.
 {¶ 2} The victim, Katelyn Harden, is the biological daughter of Bofia's wife, Michelle Lynn Bofia, and had lived in the same house as Bofia since she was two years old. Bofia was the only father Harden had ever known, and she had considered their relationship to be a normal and loving father-daughter relationship.
 {¶ 3} In April of 2001, Bofia began to regularly force Harden to engage in sexual contact with him. He used force and intimidation to digitally penetrate her vagina, to engage her in oral sex, and, on one occasion, to penetrate her vagina with a vibrator. During these incidents, Bofia would hold Harden down with his body weight and place his hands in her mouth to prevent her from resisting or crying out for help. After each encounter, Bofia would threaten Harden if she ever told anyone about them. Harden was sixteen years old when the sexual encounters began.
 {¶ 4} In June of 2002, Harden told her mother what Bofia had been doing to her. The mother confronted Bofia and eventually reported the sexual encounters to the police. After an investigation, Bofia was arrested and charged with six counts of rape. A jury found Bofia guilty on all six counts, and the trial court sentenced him to a total of thirty six years of incarceration. From this conviction and sentence Bofia appeals, presenting the following three assignments of error for our review.
 Assignment of Error I Defendant was denied effective assistance of counsel whentrial counsel failed to file a motion to suppress a letterattributed to defendant and apparently failed to verify theauthenticity of said letter.
 Assignment of Error II Defendant was denied effective assistance of counsel whencounsel failed to challenge two obviously unfavorable prospectivejurors.
 Assignment of Error III Defendant was denied effective assistance of counsel whencounsel presented no defense and exhibited a deferential attitudetoward the prosecutor and generally fell short of zealousrepresentation.
 {¶ 5} All three of Bofia's assignments of error address whether he had the effective assistance of trial counsel. Therefore, we will use the same standard of review in examining all three.
 Standard of Review {¶ 6} The Supreme Court has developed a two prong test for evaluating ineffective assistance of counsel claims. Stricklandv. Washington (1984), 466 U.S. 668, 687. Under the first prong, counsel's performance must be shown to have been deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. The second prong requires a showing that the deficient performance caused the defendant prejudice. Id. Prejudice will be found where there is a reasonable probability that, but for counsel's errors, the results of the trial would have been different. Id at 694, see, also, State v.Bradley (1989), 42 Ohio St.3d 136, 142-143. Bofia has the burden of proving both prongs of this test. State v. Lott (1990),51 Ohio St.3d 160, 175. Thus, Bofia must show that his counsel erred and that, absent such error, the outcome of the trial would have been different. Moreover, he must overcome the presumption that, "the challenged action `might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, quoting Michel v.Louisiana (1955), 350 U.S. 91, 101.
 Assignment of Error I {¶ 7} In his first assignment of error, Bofia claims that his trial counsel was ineffective for not attempting to suppress a letter purportedly written by him to his wife. He also submits that whether he was actually the author of the letter was never properly verified by his trial counsel.
 {¶ 8} The failure of trial counsel to file a motion to suppress does not constitute ineffective assistance of counsel per se. State v. Wilkins, 3rd Dist. No. 9-02-23, 2002-Ohio-4234, at ¶ 7, quoting Kimmelman v. Morrison (1986),477 U.S. 365, 384, 106 S.Ct. 2574. To prove ineffective assistance of counsel, the defendant must also prove that there was a reasonable probabability that the motion would have been successful. Wilkins, at ¶ 7. (Citations omitted.)
 {¶ 9} Herein, Bofia has not shown this Court grounds upon which a suppression motion would have been granted. Rather, he merely makes the bald assertion that a motion for suppression of the letter should have been filed. We can not find ineffective assistance of counsel for the failure to file a suppression motion without some sort of evidence that the suppression motion would have been successful.
 {¶ 10} Regarding the authenticity of the letter, at trial Bofia's wife testified that it was Bofia who had written the letter. Furthermore, Bofia never asserts that he is not the author of the letter, only that his authorship was never challenged. Thus, Bofia fails to prove that the letter is not authentic and that his trial counsel erred in not challenging its authenticity. Finally we note that the letter itself was not in the nature of a confession, but was subject to various interpretations, and therefore, not necessarily a damning piece of evidence.
 {¶ 11} Accordingly, we overrule Bofia's first assignment of error and affirm the decision of the trial court.
 Assignment of Error II {¶ 12} In his second assignment of error, Bofia contends that his trial counsel was ineffective for failing to challenge two potential jurors. Bofia asserts that the jurors displayed prejudice during voir dire and that his trial counsel was ineffective for not seeking to have them dismissed.
 {¶ 13} During the voir dire, it was revealed that juror No. 8 had taught one or more of the prosecutor's children and that her husband was a law enforcement officer. Also during voir dire, juror No. 12 related to the court that one of the assistant prosecutors was his lawyer. In response to a question about whether he would favor the state of Ohio just because an assistant prosecutor had previously represented him, juror No. 12 stated, "Maybe. I would like to say no, to be honest with you, maybe." However, a comprehensive reading of the transcript reveals that when questions arose about these jurors, both were more thoroughly questioned, and both revealed that they would be able to remain completely fair and impartial for the purposes of the trial.
 {¶ 14} The first option available to Bofia's trial counsel would have been to challenge these jurors for cause. This Court has previously held that when jurors demonstrate during voir dire that they are able to remain fair and impartial, no action will lie for ineffective assistance of counsel for not seeking their removal. State v. Hill, 3rd Dist. No. 11-03-07, 2003-Ohio-5123, at ¶ 29. Furthermore, the decision whether to dismiss a juror using preemptory challenges is a trial tactic. Id. at ¶ 30. Debatable trial tactics, without more, will not be grounds for an ineffective assistance of counsel claim. Id.
 {¶ 15} Therefore, Bofia's second assignment of error is overruled.
 Third Assignment of Error {¶ 16} In his third assignment of error, Bofia argues that his defense counsel was ineffective for offering no defense. He claims that the failure of trial counsel to call more than one witness shows a lack of the zealous representation he is constitutionally guaranteed.
 {¶ 17} Bofia's trial counsel decided to call only one witness; the officer who questioned Harden about the alleged rapes. Trial counsel attempted to point out discrepancies between Harden's statements in the report she gave the officer and statements she made in her testimony in court. This was the only evidence presented in Bofia's defense. Bofia contends that the failure of his trial counsel to present additional evidence constitutes ineffective assistance.
 {¶ 18} Bofia has failed to demonstrate to this Court that there was any additional evidence his trial counsel could have presented. The only possible further evidence the trial counsel could have presented would have been to call Bofia as a witness. "The decision whether to call or not call witnesses is generally a matter of trial strategy and, absent a showing of prejudice, does not deprive a defendant of effective assistance of counsel."State v. Utz, 3rd Dist. No. 3-03-38, 2004-Ohio-2357, at ¶ 12, citing State v. Williams (1991), 74 Ohio App.3d 686, 694. Because Bofia has not shown that he was prejudiced by trial counsel's decision not to have him testify, we overrule his third assignment of error.
 {¶ 19} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J., and Cupp, J., concur.