OPINION
{¶ 1} The defendant-appellant, Charles Homer McDaniel, Jr. ("McDaniel"), appeals the judgment of the Allen County Common Pleas Court classifying him as a sexual predator and sentencing him to serve an aggregate sentence of ten years in prison.
 {¶ 2} On February 17, 2005, the Allen County Grand Jury indicted McDaniel on six charges. McDaniel committed the crimes as a juvenile, but was prosecuted as an adult after the Allen County Juvenile Court held a hearing and relinquished jurisdiction. Specifically, McDaniel was charged with four counts of telecommunications harassment, violations of R.C.2917.21(A)(2) and (C)(2), felonies of the fifth degree, and two counts of attempted rape, violations of R.C. 2923.02 and2907.02(A)(2), felonies of the second degree. McDaniel pled not guilty to each count of the indictment. On April 22, 2005, the trial court held a change of plea hearing. McDaniel withdrew his previously tendered pleas and pled guilty to both counts of attempted rape, and the State of Ohio ("State") dismissed the four counts of telecommunications harassment. On May 25, 2005, the trial court conducted a joint sex offender classification and sentencing hearing. The trial court classified McDaniel as a sexual predator and sentenced him to serve two consecutive five year prison terms, for an aggregate sentence of ten years in prison. We granted McDaniel's motion for a delayed appeal, and he now appeals the trial court's judgment, asserting the following assignments of error:
The trial court committed error prejudicial to the Defendant[sic] by sentencing the Defendant [sic] to non minimum[,]consecutive terms of imprisonment in violation of the Defendants[sic] rights pursuant to the Sixth Amendment of the United StatesConstitution and pursuant to Blakely v. Washington, (June 24,2004, 02-1632), 542 U.S. ___, 124 S.Ct. 2531, 2004 WL 1402697.
 The trial court committed error prejudicial to the Defendant[sic] by sentencing the Defendant [sic] to non minimum[,]consecutive terms of imprisonment where the defendant has neverserved a prior prison term.
 The defendant was deprived of his Constitutional Rights at thesexual predator determination hearing by ineffective assistanceof his trial counsel.
 The trial court committed error prejudicial to the Defendant[sic] by finding that the Defendant [sic] was a sexual predatoragainst the manifest weight of the evidence.
 {¶ 3} In the first assignment of error, McDaniel contends the trial court erred by sentencing him to non-minimum and consecutive sentences. The basis of this argument is without specific findings made by the jury or admissions made by the defendant, imposing a sentence greater than the statutory minimum violates the holding in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. In this case, the trial court imposed a sentence greater than the lowest possible sentence pursuant to R.C. 2929.14(B)(2) and consecutive sentences pursuant to R.C. 2929.14(E). Recently, the Ohio Supreme Court determined that both R.C. 2929.14(B)(2) and 2929.14(E) are unconstitutional because they require trial courts to make factual findings, which have not been determined by a jury or were not admitted by the defendant. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraphs 1 and 3 of the syllabus (citing United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621; Blakely, supra; andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435).
 {¶ 4} Because the Supreme Court found R.C. 2929.14(B)(2) and2929.14(E)(4) unconstitutional, it determined that the sentences imposed in pending cases and those cases on direct appeal are void and must be remanded to the trial courts. Id. at ¶¶ 103-104. Therefore, we are required to vacate McDaniel's sentence and remand this cause to the trial court for additional proceedings. The first assignment of error is sustained, which renders the second assignment of error moot.
 {¶ 5} In the third assignment of error, McDaniel contends he had the ineffective assistance of counsel during the sex offender classification hearing because counsel failed to present evidence or to request a psychiatric evaluation on McDaniel's behalf. Specifically, McDaniel contends:
[a]t no time did counsel for the Defendant [sic] ask orrequest an expert be appointed, nor did counsel attempt topresent any evidence on these issues. Counsel also failed topoint out any factors in the Defendant's [sic] social history(including his prior sexual victimization as a younger child) tothe Court.
In response, the State contends McDaniel had effective counsel. The State argues in spite of any argument counsel could make, all of the evidence led the court to classify McDaniel as a sexual predator, and the trial court's determination would not have been different if counsel had "taken a different tact at the sexual predator hearing."
 {¶ 6} Because chapter 2950 of the Ohio Revised Code is civil in nature, an offender has no constitutional right to counsel.State v. Jordan, 6th Dist. No. L-02-1270, 2003-Ohio-3428, at ¶ 28 (citing State v. Furlong, 10th Dist. No. 00AP-637, 2001 WL 95870). However, R.C. 2950.09(B)(2) "provides an offender a right to counsel, meaning the effective assistance of counsel." Id. (citing Furlong, supra). In order to establish the ineffective assistance of counsel, an offender must meet two requirements. First, the offender "`"must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment."'" State v.Anderson, 9th Dist. No. 21431, 2003-Ohio-3315, at ¶ 14 (quoting State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48 (quoting Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674)). Second, the offender must "show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. However, we are mindful of the strong presumption in favor of counsel's adequacy and that counsel's actions may be sound strategy. Id. at ¶ 15 (citing Colon, supra at ¶ 49 (internal citation omitted). Additionally, we must evaluate the reasonableness of counsel's actions based on the facts of the case and "`"viewed as of the time of counsel's conduct."'" Id. at ¶ 16 (quoting Colon, supra at ¶ 49 (quoting Strickland, supra at 690)).
 {¶ 7} "An appellate court may analyze the second prong of theStrickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice." Id. (citingState v. Loza (1994), 71 Ohio St.3d 61, 83, 641 N.E.2d 1082). "Prejudice entails a reasonable probability that, but for counsel's errors, the result of the trial would have been different." Id. (citing State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph 3 of the syllabus).
 {¶ 8} In evaluating the second prong of Strickland, we cannot find McDaniel was deprived of a fair sex offender classification hearing. The record reflects that McDaniel pled guilty to two counts of attempted rape. At the plea hearing, the State read the facts of the case into the record. Change of Plea Hearing Tr., Jan. 10, 2006, at 13-16. At the sex offender classification hearing, the court admitted three exhibits into evidence: a forensic evaluation, the forensic evaluator's curriculum vitae, and a pre-sentence investigation report ("PSI"). The State made a statement asking the court to classify McDaniel as a sexual predator, but it did not present additional evidence. The trial court asked both defense counsel and McDaniel if they had additional evidence to present, and both indicated they did not. Sentencing Tr., Jan 10, 2006, at 24:3-9. The trial court stated it had considered the PSI and the forensic evaluation, then it discussed each of the factors specified in R.C. 2950.09(B)(2), assigning weights and relevancy to each factor. Id. at 24-29.
 {¶ 9} Both the PSI and forensic evaluation contain evidence that McDaniel's family members physically and sexually abused him as a child, which McDaniel claims is a mitigating factor for the court to consider. Id. at Exs. A; AA. As we have previously stated, "[d]ebatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if a better strategy had been available." State v. Utz,
3rd Dist. No. 3-03-38, 2004-Ohio-2357, at ¶ 12 (citing Statev. Phillips, 74 Ohio St.3d 72, 85, 1995-Ohio-171,656 N.E.2d 643). Additionally, counsel's decision to call or not call witnesses is a matter of strategy, and "absent a showing of prejudice, does not deprive a defendant of effective assistance of counsel." Id. (citing State v. Williams (1991),74 Ohio App.3d 686, 694, 600 N.E.2d 298). Here, defense counsel elected not to call any witnesses. Any evidence concerning McDaniel's social history was before the court, and McDaniel has not produced any other evidence. From the evidence submitted, which will be discussed more thoroughly below, we cannot conclude that the result of the hearing would have been different even if witnesses had been called. We cannot find McDaniel was prejudiced by defense counsel's strategy, and because McDaniel cannot prove the second prong of the Strickland test, we are not required to evaluate whether counsel's performance was deficient. The third assignment of error is overruled.
 {¶ 10} In the fourth assignment of error, McDaniel contends that the manifest weight of the evidence does not support a sexual predator classification. A "sexual predator" is defined as a person who has "pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). Attempted rape is included within the definition of "sexually oriented offense". R.C. 2950.01(D)(1)(a). If the offense does not qualify the offender for automatic sexual predator status under R.C.2950.09(A), the trial court must hold a hearing prior to sentencing to determine if the offender is a sexual predator. See R.C. 2950.09(B)(1); (2). During the hearing, the trial court "shall consider all relevant factors, including but not limited to the following:
(a) The offender's . . . age;
 (b) The offender's . . . prior criminal or delinquency recordregarding all offenses, including but not limited to, all sexualoffenses;
 (c) The age of the victim of the sexually oriented offense forwhich sentence is to be imposed . . .;
 (d) Whether the sexually oriented offense for which sentenceis to be imposed . . . involved multiple victims;
 (e) Whether the offender . . . used drugs or alcohol to impairthe victim of the sexually oriented offense or to prevent thevictim from resisting;
 (f) If the offender . . . previously has been convicted of orpleaded guilty to . . . a criminal offense, whether the offender. . . completed any sentence . . . imposed for the prior offenseor act and, if the prior offense or act was a sexual offense or asexually oriented offense, whether the offender . . .participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender. . .;
 (h) The nature of the offender's . . . sexual conduct, sexualcontact, or interaction in a sexual context with the victim ofthe sexually oriented offense and whether the sexual conduct,sexual contact, or interaction in a sexual context was part of ademonstrated pattern of abuse;
 (i) Whether the offender . . ., during the commission of thesexually oriented offense for which sentence is to be imposed. . . displayed cruelty or made one or more threats ofcruelty;
 (j) Any additional behavioral characteristics that contributeto the offender's . . . conduct.
R.C. 2950.09(B)(3)(a)-(j). We have previously noted that "[r]igid rules . . . have no place in [a sexual predator classification, and] courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." State v.Robertson, 147 Ohio App. 3d 94, 2002-Ohio-494, 768 N.E.2d 1207, at ¶ 20 (citations omitted).
 {¶ 11} In examining the evidence and the statutory factors, the trial court must determine by clear and convincing evidence whether an offender is a sexual predator. R.C. 2950.09(B)(4). Clear and convincing evidence has been defined as:
"[t]hat measure or degree of proof which is more than a mere`preponderance of the evidence,' but not to the extent of suchcertainty as is required `beyond a reasonable doubt' in criminalcases, and which will produce in the mind of the trier of facts afirm belief or conviction as to the facts sought to beestablished."
 Robertson, supra at ¶ 22 (quoting State v. Schiebel (1990),55 Ohio St. 3d 71, 74, 564 N.E.2d 54 (citations omitted)). In this case, McDaniel contends the trial court's classification was against the manifest weight of the evidence. Weight of the evidence concerns "the inclination of the greater amount ofcredible evidence, offered in a trial to support one side of the issue rather than the other." State v. Thompkins,78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 514. (citation omitted). A party is entitled to judgment in his favor if the fact-finder, in this case, the trial court, determines that "the greater amountof credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." Id. Because the trial court is in the better position to observe the witness' demeanor and actions, its decisions should be afforded due deference. See State v. Thompson (1998), 127 Ohio App. 3d 511,529, 713 N.E.2d 456.
 {¶ 12} Our review of the record indicates there was clear and convincing evidence to support a sexual predator classification. The trial court considered the PSI and forensic evaluation. It inquired as to whether the State, defense counsel, or McDaniel had any evidence or argument. In reaching its conclusion, the trial court considered the following: as to R.C.2950.09(B)(3)(a), McDaniel was 17 at the time of the offense and 18 at the time of sentencing; as to R.C. 2950.09(B)(3)(b), McDaniel, "in juvenile court previously had an assault, also a petty theft, also two (2) counts of — another count of petty theft and a sexual harassment — two (2) counts in which according to the defendant he was making obscene phone calls", which was similar to the harassment charges dismissed against him in this matter; as to R.C. 2950.09(B)(3)(c), the victims were adults, "victims of chance", and worked in downtown Lima; as to R.C.2950.09(B)(3)(d), there were multiple victims; as to R.C.2950.09(B)(3)(e), "no";[1] as to R.C. 2950.09(B)(3)(f), McDaniel had been convicted of "telephone harassment" in juvenile court, "the instant offenses were committed while he was on probation", and McDaniel did participate in, but failed to respond to, a sexual offender treatment program; as to R.C.2950.09(B)(3)(g), McDaniel "has experienced symptoms of mood disorder, major depressive order. His symptoms include depressed mood, agitation and suicidal ideations"; as to R.C.2950.09(B)(3)(h), McDaniel has demonstrated a "pattern of sexually abusive behavior" due to two prior convictions for "telephone harassment" and the short time period over which McDaniel evolved from engaging in telephone harassment to attempted rape; as to R.C. 2950.09(B)(3)(i), McDaniel used force by pushing the victims into their vehicles, by attempting to take off their clothes, and by reaching into one of the victim's pants, and McDaniel "admitted he would have had sex with them if he could have"; and as to R.C. 2950.09(B)(3)(j), the court noted a "demonstrated pattern of sexually offending behavior in addition to the apparent escalation of his behavior from obscene phone calls to two (2) attempted rapes; a need for dominance; impulsivity and extreme irresponsibility". Sentencing Tr., at 25-29.
 {¶ 13} After its discussion of the R.C. 2950.09(B)(3) factors, the trial court found that McDaniel had pled guilty to a sexually oriented offense and found by clear and convincing evidence that McDaniel is likely to engage in one or more sexually oriented offenses in the future. Id. at 29:6-11. Based on this record, we cannot find that the trial court's sexual predator classification was against the manifest weight of the evidence.
 {¶ 14} The judgment of the Allen County Common Pleas Court is affirmed in part, the sentence is vacated, and this cause is remanded to the trial court for additional proceedings.
Judgment Affirmed in Part, Sentence Vacated, and CauseRemanded.
 Rogers, J., concurs in Judgment Only.
 Shaw, J., concurs.
[1] McDaniel apparently wishes us to consider that he was under the influence of drugs and/or alcohol at the time of the offenses; however, the statute requires the court to consider whether the offender used drugs or alcohol to impair thevictim.