OPINION
{¶ 1} Defendant-Appellant, Charles Homer McDaniel, Jr., appeals the judgment of the Allen County Court of Common Pleas, sentencing him to an aggregate term of ten years in prison. On appeal, McDaniel argues that the trial court imposed a sentence which exceeded the statutory maximum; that the trial court imposed a sentence under an ex post facto sentencing law; and, that the rule of lenity required the trial court to impose minimum and concurrent sentences upon him. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In February 2005, the Allen County Grand Jury indicted McDaniel on four counts of telecommunications harassment in violation of R.C.2917.21(A)(2), (C)(2), felonies of the fifth degree, and two counts of attempted rape in violation of R.C. 2923.02 and 2907.02(A)(2), felonies of the second degree.[1] McDaniel pled not guilty to each count of the indictment.
 {¶ 3} In April 2005, McDaniel withdrew his previously tendered pleas and pled guilty to both counts of attempted rape, and the State dismissed the four counts of telecommunications harassment.
 {¶ 4} In May 2005, the trial court conducted a joint sex offender classification and sentencing hearing. The trial court classified McDaniel as a *Page 3 
sexual predator and sentenced him to serve two consecutive five year prison terms, for an aggregate sentence of ten years in prison.
 {¶ 5} In August 2005, McDaniel appealed the May 2005 sentence, asserting, among other things, that his non-minimum and consecutive sentences were in violation of Ohio sentencing law.
 {¶ 6} We agreed, and in State v. McDaniel, 3d Dist. No. 1-05-61,2006-Ohio-3077 (hereinafter referred to as "McDaniel I"), this Court vacated McDaniel's sentence and remanded the cause to the trial court for additional proceedings based on State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. McDaniel I, supra, at ¶ 4.
 {¶ 7} In July 2006, the trial court held a resentencing hearing and resentenced McDaniel to serve two consecutive five year prison terms, for an aggregate sentence of ten years in prison.
 {¶ 8} It is from this judgment that McDaniel appeals, presenting the following assignments of error for our review:
 Assignment of Error No. I The Court of Common Pleas violated Appellant's right to trial by jury by sentencing Appellant to a term of incarceration which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments. The decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, which purports to authorize sentences in excess of the *Page 4 statutory maximum, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
 Assignment of Error No. II The Court of Common Pleas violated Appellant's rights under the Ex Post Facto Clause of the Federal Constitution by sentencing Appellant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offense. The decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, which purports to authorize the sentence rendered against Defendant Charles Homer McDaniel, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
 Assignment of Error No. III The Court of Common Pleas violated Appellant's rights under the Fourteenth Amendment to the Federal Constitution by sentencing Appellant pursuant to the decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, because the holding of Foster is invalid under Rogers v. Tennessee (2001), 532 U.S. 451.
 Assignment of Error No. IV The Rule of Lenity requires the imposition of minimum and concurrent sentences, and the ruling of the Court of Common Pleas to the contrary must be reversed.
 Assignment of Error No. I {¶ 9} In his first assignment of error, McDaniel argues that the trial court rendered a sentence against him, which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments. In essence, McDaniel asserts *Page 5 
that in this case, the statutory maximum sentences mandated by the Sixth
and Fourteenth Amendments are two year sentences to run concurrently. We disagree.
 {¶ 10} The Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at paragraph seven of the syllabus, held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." In addition, the Court stated "[o]ur remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings of fact that Blakely prohibits." Id. at ¶ 102. "Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." Id. at ¶ 105.
 {¶ 11} In addition, Foster altered the appellate court's standard of review for most sentencing appeals from "clear and convincing" to "abuse of discretion." Id. at ¶¶ 100 102; see State v. Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767 (noting "the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the *Page 6 
applicable provisions of R.C. 2953.08(A), (B), and (C)"). Accordingly, we must review this sentence under the abuse of discretion standard. In order to find an abuse of discretion, we must find that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court.
 {¶ 12} The range of sentences for a second degree felony is two to eight years in prison. R.C. 2929.14(A)(2). The trial court sentenced McDaniel to two five year sentences to be served consecutively. We cannot say that the trial court abused its discretion when it resentenced McDaniel to the same prison terms, which fall within the statutory range, and ordered that McDaniel serve those prison terms consecutively. Accordingly, McDaniel's first assignment of error is overruled.
 Assignments of Error Nos. II III {¶ 13} In his second assignment of error, McDaniel argues that the application of Foster to his sentence violates the ex post facto clause of the United States Constitution. In his third assignment of error, McDaniel argues that pursuant to Rogers, supra, and Bouie v.Columbia (1964), 378 U.S. 347, the State is prohibited from imposing any term of incarceration exceeding the statutory *Page 7 
minimum. Due to the nature of McDaniel's second and third assignments of error, we elect to address them together.
 {¶ 14} For the reasons articulated by this Court in McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit to McDaniel's argument that his sentence violates his due process rights. McDaniel pled guilty to two counts of attempted rape in April 2005 and was sentenced in May 2005. In August 2005, McDaniel appealed his May 2005 sentence to this Court. The Supreme Court announced its decision in Foster on February 27, 2006. And, in McDaniel I, this Court vacated McDaniel's sentence and remanded the cause to the trial court for additional proceedings, based on Foster. McDaniel I, supra, at ¶ 4.
 {¶ 15} In July 2006, the trial court resentenced McDaniel to the same term of imprisonment as before. We note, as to this case, that the offenses occurred subsequent to the United States Supreme Court's holding in Blakely v. Washington (2004), 542 U.S. 296, which provided notice that a major shift in sentencing was likely to occur. This supports our conclusion in McGhee that the remedy announced inFoster does not violate due process. Likewise, the sentencing range for McDaniel's felonies has remained unchanged, so he had notice of the potential sentence for his offenses. Therefore we find that McDaniel's second and third assignments of error are without merit and overrule the same.
 Assignment of Error No. IV *Page 8 {¶ 16} In his fourth assignment of error, McDaniel argues that the rule of lenity requires the imposition of minimum and concurrent sentences.
 {¶ 17} This Court recently addressed McDaniel's argument in State v.Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860. In Moore, we provided:
 The "rule of lenity" was originally a common law rule of statutory construction that was codified in R.C. 2901.04(A), which provides that "* * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
 The rule of lenity applies only where there is an ambiguity in a statute or conflict between multiple statutes. United States v. Johnson (2000), 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39; United States v. Lanier (1997), 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432; State v. Arnold (1991), 61 Ohio St.3d 175, 178, 573 N.E.2d 1079. There exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court held that portions of Ohio's felony sentencing framework were unconstitutional in Foster. Therefore, the rule of lenity has no bearing on the present case since Foster clearly and unambiguously severed the unconstitutional portions of these sentencing statutes.
Id. at ¶¶ 11-12. Based on our decision in Moore, we find that McDaniel's fourth assignment of error is without merit and overrule the same.
 {¶ 18} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] McDaniel committed the crimes as a juvenile, but was prosecuted as an adult after the Allen County Juvenile Court held a hearing and relinquished jurisdiction. *Page 1