OPINION *Page 2 
{¶ 1} The defendant-appellant, Kenneth Brooks, appeals the judgment of the Defiance County Common Pleas Court convicting him of attempted rape and gross sexual imposition following a jury trial. On appeal, Brooks contends the trial court allowed inadmissible evidence at trial and trial counsel was ineffective. For the reasons set forth herein, the judgment of the trial court is affirmed.
 {¶ 2} On February 23, 2007, the Defiance County Grand Jury indicted Brooks on one count of attempted rape, a violation of R.C. 2907.02(A)(1)(b), 2923.02, a first-degree felony, and two counts of gross sexual imposition, violations of R.C. 2907.05(A)(4), third-degree felonies. The charges were based on allegations of sexual abuse lodged against Brooks by the eight-year-old daughter of his girlfriend, Nancy Urbina. The minor victim, A.S., alleged that on two occasions while Nancy was at work and while A.S. was in the bed she normally shared with her mother, Brooks laid behind her, pulled down her pants, rubbed her buttocks, and, on at least one occasion, inserted something part way into her anal cavity.
 {¶ 3} A jury trial commenced on January 7, 2008. The jury found Brooks guilty on each count of the indictment, and the trial court's sentencing judgment entry was filed on March 4, 2008. Brooks appeals the judgment of the trial court, raising three assignments of error for our review. *Page 3 
 Assignment of Error No. 1 The trial court erred in ruling that the testimony of Cindy Urbina fell within the excited utterance exception to hearsay under Evid. R. 803(2).
 Assignment of Error No. 2 The trial court committed plain error by allowing the testimony of Officer Tobie Delaney, when he did not testify from first-hand knowledge, thus was incompetent as a witness under Evid. R. 602.
 Assignment of Error No. 3 Appellant was denied the effective assistance of counsel during his trial.
 {¶ 4} In the first assignment of error, Brooks contends the trial court erred by allowing A.S.'s grandmother, Cindy Urbina, to testify regarding A.S.'s disclosure to her. Brooks claims that A.S.'s statement to Cindy does not satisfy the four-part test established in State v.Duncan (1978), 53 Ohio St.2d 215, 373 N.E.2d 1234, to determine whether a statement is admissible under the excited utterance hearsay exception. Specifically, Brooks argues that the disclosure occurred two days after the abuse, and A.S. had had "ample time to reflect upon the events." In response, the state, citing numerous cases, contends that A.S.'s statement to Cindy falls within the excited utterance exception.
 {¶ 5} A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. State v.McCullough, 3d Dist. No. 12-07-09, *Page 4 2008-Ohio-3055, at ¶ 25, citing Deskins v. Cunningham, 3d Dist. No. 14-05-29, 2006-Ohio-2003, at ¶ 53, citing Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 482 N.E.2d 1248. "`Hearsay'" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 801(C). Under Evid. R. 802, hearsay statements are generally inadmissible. However, at issue in this case is Evid. R. 803(2), which states, "[t]he following are not excluded by the hearsay rule, even though the declarant is available as a witness: * * * [a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."
 {¶ 6} The Supreme Court of Ohio established the following test to determine whether a statement falls under the excited utterances exception:
 "`Such testimony as to a statement or declaration may be admissible under an exception to the hearsay rule for spontaneous exclamations where the trial judge reasonably finds (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence *Page 5 or the circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration.'"
State v. Taylor (1993), 66 Ohio St.3d 295, 300-301, 612 N.E.2d 316, quoting Potter v. Baker (1955), 162 Ohio St. 488, 124 N.E.2d 140, at paragraph two of the syllabus (approved and followed in State v.Duncan (1978), 53 Ohio St.2d 215, 373 N.E.2d 1234, at paragraph one of the syllabus). The excited utterance test is applied liberally when the declarant is a minor victim of alleged sexual abuse. State v.Hazlett, 3d Dist. No. 8-06-04, 2006-Ohio-6927, at ¶ 25, citing State v.Shoop (1993), 87 Ohio App.3d 462, 472, 622 N.E.2d 665, citing State v.Wagner (1986), 30 Ohio App.3d 261, 508 N.E.2d 164; State v.Muttart, 3d Dist. No. 5-05-08, 2006-Ohio-2506, at ¶ 46. "In that situation, `[t]he focus is whether the excitement of the incident was still dominant over the child declarant's thought processes and whether the child's statements were the unreflective expressions of her belief.'" Id., quoting Shoop, at 472, citing State v. Fox (1990),66 Ohio App.3d 481, 489, 585 N.E.2d 561.
 {¶ 7} In Muttart, this court affirmed the trial court's finding that the minor declarant's statements were admissible because immediately prior to her disclosure, the declarant curled up on the sofa, cried, had difficulty swallowing, and tapped her teeth. Muttart, at ¶ 47. Also, the child made her disclosure through her imaginary friend. Id. Conversely, in Hazlett, we reversed the *Page 6 
judgment of the trial court. The witness testified that the child victim was merely "confused" and did not present evidence that the child was upset or crying. Hazlett, at ¶ 29. In Hazlett, we determined that the child's "confusion" was indicative of the time she had spent reflecting on the event and did not evidence the spontaneity of the statement.
 {¶ 8} In this case, B.M. testified that she is A.S.'s cousin, and they are very close friends. On January 2, 2007, while B.M. and A.S. were at their "Aunt Tammy's" house, B.M. noticed that A.S. was sad and that something was bothering her. (Trial Tr., Jun. 20, 2008, at 116). A.S. told B.M. she would tell her about it later. (Id.). Later that day, when A.S. and B.M. were at B.M.'s house, A.S. disclosed that Brooks had touched her and made her pull down her pants. (Id. at 117-118). B.M. testified that A.S. "didn't seem as bad" at that time. (Id. at 118). B.M. told her mother about A.S.'s disclosure. (Id. at 119). B.M.'s mother, who is Cindy Urbina's sister, called Cindy and told her that Brooks had been doing bad things to A.S. (Id. at 162). The following testimony was elicited at trial from Cindy:
 Q: Okay. And where did [the conversation with A.S.] take place?
 A: At my house. I told my son, Valentino, to pick all the kids up from school that day and all five of the grandkids came to my house and * * * when I got home and [A.S.] got there, I took her in my son's bedroom * * * . *Page 7 
 Q: And describe [A.S.'s] demeanor. How — When you were starting to ask her questions, how was she acting? How was she responding? A little bit about the scene before we have you talk about what she said?
 A: Okay. I sat her on the bed and I told her — I said ["]I want to talk with you["] and I ended up and I told her — I said ["]I want to know has anybody [been] doing any bad things to you["] and she looked down at the floor and I told her — I said ["A.S.], I am your grandma["] and I says [sic] ["]I love you dearly and there's nobody in this world that I'm going to let hurt you["] and she started crying and I started crying. * * * And she shook her head and she said ["]Kenneth.["]
(Id. at 162-163). Drawing an objection from the defense, the state argued that A.S.'s statements to Cindy were excited utterances. The court stated that "the motivation of the other participant isn't at issue. It's the mental status of the declarant that gives rise to the exception. Based on her description of the demeanor and emotional response of the declarant, the Court will find that it fits within the excited utterance exception and will allow it." (Id. at 164). The record indicates that the second incident had occurred overnight between January 1 and January 2, 2007. By the time A.S. made her disclosure to Cindy, just a little more than one day had passed since the abuse had occurred.
 {¶ 9} The trial court was aware of the sequential order of events, the trial court heard the evidence and observed the witnesses, and the trial court essentially found that A.S. was still acting under the stress of the event when she made the disclosure to Cindy. Although A.S.'s behavior was not as pronounced as the *Page 8 
minor victim's in Muttart, she was clearly upset, as observed by B.M., and she cried during the disclosure to her grandmother just one day after the last instance of abuse. On this record, we cannot hold that the trial court abused its discretion by finding A.S. `s statements to be excited utterances. The first assignment of error is overruled.
 {¶ 10} In the second assignment of error, Brooks contends that Officer Tobie Delaney of the Defiance Police Department did not testify from memory concerning the interview with A.S. at the police department. Citing Evid. R. 602, Brooks argues that Delaney testified from a transcript of A.S.'s interview prepared by the police department's clerk. Brooks contends Delaney's testimony was prejudicial because it was the only statement A.S. made to law enforcement.
 {¶ 11} The state claims that Delaney's trial testimony was brief. The state argues the testimony was proper because Delaney heard and observed the interview between A.S. and a social worker over closed circuit television. Both parties agree that we must review the alleged error under the plain error standard because Brooks' trial counsel failed to object.
 {¶ 12} Trial counsel did not object to any portion of Delaney's testimony. Failure to object to the admission of evidence at trial waives for appeal all error but plain error. See State v. Welch, 3d Dist. No. 16-06-02, 2006-Ohio-6684, at ¶ 16, citing State v. Ray, 3d Dist. No. 14-05-39, 2006-Ohio-5640, at ¶ 11. See also *Page 9 State v. Allen (1995), 73 Ohio St.3d 626, 634-635, 653 N.E.2d 675, quoting State v. Long (1978), 53 Ohio St.2d 91, 96-97, 372 N.E.2d 804. To find plain error, we must determine that there was an error; that the error was plain, "i.e., the error must be an obvious defect;" and that the error "infringed upon substantial rights by affecting the outcome of the trial." State v. Essinger, 3d Dist. No. 5-03-15, 2003-Ohio-6000, at ¶ 44, citing State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240; State v. Williams, 3d Dist. No. 1-01-63, 2002-Ohio-3623, at ¶ 41.
 {¶ 13} At trial, Delaney testified on direct examination that on January 3, 2007, he received a call that A.S. was in the hospital's emergency room reporting a sexual assault. (Trial Tr., at 95). A different officer responded to the call and asked A.S.'s mother to take her to the police department when they left the hospital. (Id. at 95-96). Delaney and a social worker met with A.S. in an interview room, but A.S. did not feel comfortable speaking with Delaney, so he left the room and observed the interview by way of closed circuit television, which allowed him to see and hear A.S. (Id. at 96; 97-98). Delaney stated that A.S. disclosed two incidents of abuse, both of which involved Brooks pulling down her pants and putting something partway into her anal cavity. (Id. at 96). On cross-examination, defense counsel asked if Delaney was testifying from memory. Delaney stated, "I'm testifying from the transcript of the, of the interview as it was transcribed by the clerk of the Defiance City Police Department." (Id. at 98). *Page 10 
 {¶ 14} Evid. R. 602 states, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony." Delaney testified that he was able to see and hear A.S. during the interview. Furthermore, other than his statement that he was "testifying from the transcript," there is nothing in the record to indicate whether Delaney was merely reading from the transcript while he testified or whether he had reviewed the transcript prior to trial. Evid. R. 612 permits the use of a writing to refresh the memory of a witness either while testifying or before testifying under certain circumstances. The transcript Delaney reviewed was neither marked as an exhibit nor admitted into evidence. As such, the record in this case is insufficient to show plain error at trial. Additionally, even if the trial court did err by allowing Delaney's testimony, Brooks was not prejudiced because Delaney's testimony was merely cumulative of A.S.'s testimony. Having found no plain error, the second assignment of error is overruled.
 {¶ 15} In the third assignment of error, Brooks contends he was denied the effective assistance of counsel at trial. Brooks argues that trial counsel did not use any peremptory challenges during voir dire, but allowed three biased people to be seated as jurors. Brooks also argues that trial counsel was ineffective for not *Page 11 
asking the court to strike Delaney's testimony. In response, the state argues that Brooks has not met his burden of proving ineffective assistance of trial counsel.
 {¶ 16} Brooks must satisfy the test set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, to prove ineffective assistance of counsel. State v. Xie (1992),62 Ohio St.3d 521, 524, 584 N.E.2d 715. "The Strickland test was applied to guilty pleas in Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203." Id. Strickland requires a defendant to show that "(1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense." State v. Price, 3d Dist. No. 13-05-03, 2006-Ohio-4192, at ¶ 6, citing State v. Kole, 92 Ohio St.3d 303, 306, 2001-Ohio-191,750 N.E.2d 148, quoting Strickland, at 687.
 {¶ 17} To prove that an attorney's conduct was deficient or unreasonable, the defendant "must overcome the presumption that the attorney provided competent representation, and show that the attorney's actions were not trial strategies prompted by `reasonable professional judgment.'" State v. Scott-Hoover, 3d Dist. No. 3-03-20, 2004-Ohio-97, at ¶ 7, quoting Strickland, at 687. Ohio attorneys enjoy a strong presumption of competence, and "tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance." Id., citing State v. Sallie, 81 Ohio St.3d 673, 675,1998-Ohio-343, 693 N.E.2d 267; State v. Carter (1995),72 Ohio St.3d 545, 558, 651 N.E.2d 965. *Page 12 
"Instead, the errors complained of must amount to a substantial violation of defense counsel's essential duties to his client." Id., citing State v. Bradley (1989), 42 Ohio St.3d 136, 141, 538 N.E.2d 373, quoting State v. Lytle (1976), 48 Ohio St.2d 391, 396, 358 N.E.2d 623.
 {¶ 18} In proving that the defendant was prejudiced by counsel's actions, the appellant must demonstrate that "there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different." Id. at ¶ 6, citingStrickland, at 694. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." State v. Loza (1994), 71 Ohio St.3d 61, 83, 641 N.E .2d 1082, citing Strickland, at 697.
 {¶ 19} Brooks contends trial counsel was ineffective for failing to challenge three potential jurors. During voir dire, one potential juror stated that she worked in law enforcement at a corrections center. The potential juror's career caused her to be in frequent contact with other members of law enforcement, and Delaney had previously worked with her. The second potential juror stated that his grandson had been severely beaten "years ago," which may cause him to be biased. The potential juror also indicated that the prosecutor and the trial judge were acquaintances of his, but no further inquiry was made into that topic. The third potential juror had some reservation about serving on the jury because she worked *Page 13 
with Cindy Urbina and apparently feared the possibility of retaliation. However, each potential juror was rehabilitated by indicating their ability to be fair and impartial.
 {¶ 20} "This Court has previously held that when jurors demonstrate during voir dire that they are able to remain fair and impartial, no action will lie for ineffective assistance of counsel for not seeking their removal." State v. Bofia, 3d Dist. No. 7-03-12, 2004-Ohio-3018, at ¶ 14, citing State v. Hill, 3d Dist. No. 11-03-07, 2003-Ohio-5123, at ¶ 29. Counsel's decision to use, or not use, a peremptory challenge is a trial tactic. Id., at ¶ 14, citing Hill, at ¶ 30. Although counsel's decisions were certainly debatable, without more, there is no grounds for a claim of ineffective assistance of counsel. Id.
 {¶ 21} Brooks next argues that trial counsel was ineffective because he did not object to or ask the court to strike Delaney's testimony. Brooks contends that Delaney's testimony was improper under Evid. R. 602, and he was prejudiced by the admission of that testimony. For the same reasons stated in our analysis of the second assignment of error, we find Brooks' argument to be without merit. The third assignment of error is overruled. *Page 14 
 {¶ 22} The judgment of the Defiance County Common Pleas Court is affirmed.
Judgment affirmed.
 SHAW, P.J., and ROGERS, J., concur. *Page 1